## DRAKE v. DRAKE.

Where a divorce is granted for an offense of the husband, the court is authorized, by Civ. Code, §§ 92, 93, to compel him to provide for the maintenance of the children of the marriage and to make suitable allowance to the wife for her support during her life, or for a shorter period, as the court deems just, having regard to the circumstances of the parties, require security for providing maintenance, or making the payments required, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case.

All orders and decrees touching alimony and maintenance of a wife, in an action by her for divorce, are subject to revision on appeal in all particulars, including those which are within the discretion of the trial court.

Where defendant persistently refused to provide for his wife's necessities pending an action for divorce, and failed to comply promptly with an order awarding temporary alimony, and refused the wife's offer to accept $4,000 in full for her share of their jointly accumulated property, the court did not err in awarding her a lump sum as permanent alimony, and in providing for an execution against defendant's property to satisfy the decree, instead of providing for the payment of monthly or quarterly payments.

Plaintiff and defendant were married in 1871, and at the time of divorce plaintiff was 49 and defendant 53 years of age. All of their eight living children had attained majority, except two; one being awarded to each of the parties. After marriage, plaintiff received $2,800 from her father's estate, which she turned over to defendant, and which was used by him in accumulating his property. He owned real and personal property worth $15,000, and his debts aggregated $2,400. His property consisted of 360 acres of land, on 200 acres of which there was a purchase-money incumbrance of $1,700. **Held,** that a decree awarding plaintiff as permanent alimony $6,300 was excessive, and should be reduced to $5,000.

(Opinion filed July 19, 1907.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by Sarah A. Drake against Alonzo A. Drake. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

*Burr W. Jones* and *Howard Babcock,* for appellant. *Thad L. Fuller* and *Campbell & Taylor,* for respondent.

HANEY, J. The learned circuit court found that the parties to this action were married in Wisconsin in 1871; that the plaintiff is 49 and the defendant 53 years of age; that 13 children have been born as issues of the marriage, 8 of whom are living; that of the latter all have attained their majority, except Alonzo, aged 13, and Scott, aged 11 years; that for more than 15 years last past defendant has treated his wife in a cruel and inhuman manner, and has constantly made life miserable and unhappy for her; that during such time he has frequently and habitually used profane,, vile, and insulting language towards her, and has repeatedly ordered her to leave his home; that he has applied abusive and obscene names to her, and on many occasions has struck, kicked, beat, and otherwise misused and abused her; that particularly, on or about November 4, 1905, being enraged without cause, he used vile and insulting language, struck, beat, and abused her, and ordered her to leave his home; that the plaintiff was injured thereby, both in body and mind; and that by reason of defendant's misconduct she abandoned the defendant, and has not since resided with him.

It also found that for more than 15 years last past the defendant has been addicted to the use of intoxicating liquors; that

he has at frequent intervals became intoxicated; that when in-
toxicated he has abused and mistreated the plaintiff; that his con-
duct has caused her great mental anguish and physical pain; that
plaintiff has at all times been a good, true, and faithful wife, and
has always treated defendant with kindness and consideration, and
that defendant's abuse was without any cause or provocation. on
her part; that at the time of their marriage the parties were with-
out means or property; that after the marriage plaintiff received
$2,800 from her father's estate, which was turned over to the de-
fendant and used by him in accumulating the property now in his
possession; that as a result of their joint labors and efforts during
34 years of married life, and as a result of the money acquired by
the plaintiff and turned over to the defendant, he now has and
owns in his own name real and personal property of the aggregate
value of $15,000; that his debts and liabilities aggregate $2,400,
leaving his net worth $12,600; that the plaintiff has no money or
separate property with which to provide for, support, and main-
tain herself; that the plaintiff is a fit person to have the custody
of Scott, the youngest son, and that it is for the best interests of
such child that his custody be given to the plaintiff; that it is for
the best interests of Alonzo that his custody be awarded to the
defendant; that the plaintiff did not, without cause, desert the
defendant, and that a resonable. and proper amount for the sup-
port, care, and maintenance of the plaintiff and her minor son,
Scott, to be paid by the defendant, is $6,300.

It entered a decree dissolving the bonds of matrimony;
awarding the custody of the son Scott to the plaintiff; awarding
the custody of the son Alzono to the defendant; adjudging that
the plaintiff have judgment against the defendant for the sum of
$6,300, as permanent alimony; that such judgment be a lien upon
the real property owned by the defendant to secure such alimony
and the costs and disbursements of this action; and directing that
execution issue for the sale of the realty to satisfy such judgment,
costs, and disbursements. Defendant having moved for a new
trial, the court made an order requiring the defendant forthwith
to pay $100 and $12 per month for the support of the plaintiff

pending the litigation, and within 10 days to pay $200 as fees for the plaintiff's attorneys and expenses incident to the motion for a new trial. The motion for a new trial was denied, and defendant appealed from the order denying the same, from the judgment, and from the order granting temporary alimony. After the cause reached this court, an order was entered requiring the defendant to pay the plaintiff $25 per month for her support during the pendency of the action in this court, and to pay plaintiff's attorneys $100 to apply on the expenses of litigation in this court. This order has been complied with, though the several payments mentioned therein were not made at the times required by its terms.

Appellant does not seriously contest the correctness of the decision, so far as it grants the plaintiff a divorce, nor does he deny that she should be allowed reasonable alimony; but he strenuously contends that the amount allowed by the circuit court is excessive, and the manner providing for its payment unreasonable.

[1] Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties, respectively. Rev. Civ. Code, § 92. It may require the husband to give reasonable security for providing maintenance or making any payments required, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case.

[2] All orders and decrees touching the alimony and maintenance of the wife are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court. Id. 93. So it is within the power, and it is the duty, of this court to require such suitable alowance for the maintenance of this wife as it may deem just, having regard to the circumstances of the parties, respectively.

[3] In view of the defendant's persistent refusal to provide for the plaintiff's necessities during the litigation, evidenced by his

appeal from the circuit court's order for temporary alimony, his failure to comply promptly with the order of this court for temporary alimony, and his refusal of plaintiff's offer to accept $4,000, in full for her share of their jointly accumulated property, it is not unfair to assume that the enforcement of a decree providing for the payment of a monthly or quarterly allowance might be attended with disagreeable delays and difficulties. Therefore we concur in the conclusion of the learned circuit court that it would be better for both parties to provide for the payment to the wife of one certain sum, and thus avoid the vexation and expense of frequent applications to the court for further orders to enforce the decree. For the same reason, we concur in the conclusion that a separate allowance should not be made for the minor child, whose care and custody is awarded to the plaintiff. Then the only remaining question is the amount of the plaintiff's allowance and the manner in which it shall be paid.

[4] It evidently was the design of the trial judge to give the plaintiff a sum equal to one-half the value of the property, less defendant's debts. Considering the extent of her contributions in money and labor, this would not be unjust, if the property consisted of money or could be readily converted into money. But the circumstances of the defendant, as well as those of the plaintiff, must be regarded. The payment of any suitable allowance will necessitate a sale of the defendant's realty or the negotiation of a loan thereon. It consists of 360 acres, on 200 acres of which there is a purchase-money incumbrance of $1,700. A forced sale of the land would undoubtedly involve a considerable sacrifice in its value. A sufficient loan could not be effected without including sufficient to satisfy the prior incumbrance. Defendant owes $700 in addition to the $1,700 incumbrance on the land. So, if a loan could be effected and the division designed by the trial judge were made, plaintiff would have $6,300 in cash, defendant, $15,000 in property, with debts amounting to $8,700, and his nominal net worth would be $6,300. While as a mere matter of bookkeeping the accounts would balance, the practical advantages of the plaintiff's position are apparent. Any prudent person would

prefer the $6,300 in cash to the $15,000 in property, burdened with debts to the amount of $8,700. The real value of the former would be certain; the real value of the latter dependent upon numerous contingencies. Moreover, the expenses of this litigation must be borne by the defendant, and we are satisfied that the value placed on the land is above, rather than below, its present market price.

Therefore, "having regard to the circumstances of the parties, respectively," we conclude that the judgment of the circuit court should be reduced from $6,300 to $5,000; that execution thereon should be stayed for 90 days after the case is remanded; that in the meantime, and until the judgment is paid or satisfied by a sale of the property, the defendant should be required to continue the monthly payments of $25 for the plaintiff's support; that the plaintiff should recover her costs and disbursements in both courts, including an attorney's fee of $300; that the amount of such modified judgment, costs, disbursements, attorney's fee, and monthly allowance of $25, until the judgment is satisfied, should be regarded as exhausting all of plaintiff's claims upon defendant's estate by way of temporary or permanent alimony; and that such modified judgment and monthly allowance should stand in lieu of all other orders hertofore entered, and not affect or be affected by any payments heretofore made by the defendant for plaintiff's support or the expenses of this litigation.

Except as herein modified, the judgment of the circuit court is in all respects affirmed.

FULLER, P. J., taking no part in the decision.