GLAD, Appellant, v. GLAD, Respondent.

(215 N. W. 931.)

(File No. 6236.    Opinion filed November 14, 1927.)

1.  Divorce—Refusal to Reduce Husband's Monthly Payments to Divorced Wife for Herself and Child Held Not Abuse of Discretion Under Evidence (Rev. Code 1919, § 164, and § 165, as Amended by Laws 1923, c. 219).

     Denial of motion of divorced husband to reduce payments to former wife for alimony and support of child from $40 per month as provided in decree to $20, under Rev. Code 1919, § 164, and section 165, as amended by Laws 1923, c. 219, held not abuse of discretion under evidence.

2. **Divorce—On Motion of Husband to Reduce Alimony Court Might Find Voluntary Settlement on Divorce Was Binding, Though Divorce Was Granted for Wife's Fault.**

If settlement embodied in divorce decree was voluntary on part of husband and without duress, trial court, on husband's motion to modify and reduce payments, might find such settlement was binding notwithstanding divorce had been granted to husband for wife's fault.

Note.—See, Headnote (1), American Key-Numbered Digest, Divorce, Key-No. 245(3), 309, 19 C. J. Sec. 752; **(2)** Key-No. 245(3), 19 C. J. Sec. 752 (Anno.).

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Application by Eric A. Glad for modification of a divorce decree obtained by plaintiff against Sophie Glad. Order denying modification, and plaintiff appeals. Affirmed.

*M. J. O'Donoghue*, of Philadelphia, Pa., for Appellant.

*T. O. Gilbert*, of Willmar, Minn., and *Lewis Larson*, of Sioux Falls, for Respondent.

MISER, C. This is an appeal from an order denying plaintiff's application to have a decree of divorce modified. It appears, from the affidavits of the parties that they were married in 1908, and have one child, now 12 years of age. After 1919, the parties hereto did not live together. In 1922, plaintiff commenced divorce proceedings. Defendant's answer, duly served, was filed in the circuit court of Minnehaha county on October 4, 1922. However, the case was not brought on for trial until May 29, 1925. While the action was pending, plaintiff sought to have defendant withdraw her answer and permit him to obtain his divorce without a contest. The decree, while reciting that defendant appeared by counsel, states that no evidence was introduced on the part of the defendant. However, the defendant was in Sioux Falls on the day of the trial, accompanied by her uncle. During the negotiations which took place just before the trial, her uncle, who was sheriff of the county in Minnesota where defendant resides, threatened plaintiff with arrest on the charge of wife and child desertion, and was told by plaintiff's counsel that he would fight extradition. Just before trial, plaintiff agreed with defendant upon the terms and conditions of the decree and for the bond as hereinafter stated.

Accordingly, while the decree recites that divorce was granted on account of defendant's cruel and inhuman treatment of the plaintiff, the custody of the child was awarded to defendant, and plaintiff was required to pay to the defendant the sum of $30 a month for the support of the child until it should reach the age of 21 years, and also the sum of $1,000 alimony in monthly installments of $10 or more until the full sum of $1,000 should be paid, such payments to cease if defendant remarried; and further required that the plaintiff furnish a bond to insure the payments aforesaid, said bond to be signed by good and reliable bondsmen to be approved and allowed by the court; and plaintiff was also required to pay the costs. The affidavits show that, from 1919 until the hearing in 1925, plaintiff had contributed about $700 to the support of defendant and their child, and that, on one occasion, defendant had had plaintiff arrested for desertion and placed in jail. While this hearing was had on May 29th, the bond mentioned therein and agreed to before the hearing was not signed by the plaintiff until June 1, 1925, and was not signed and acknowledged by the bondsmen thereon until September 30, 1925. Just when the bondsmen justified does not appear, but the bond was approved by the judge on December 2, 1925, on which date the decree of divorce was also signed by the judge and filed by the plaintiff with the clerk of courts. On February 23, 1926, upon the affidavit of plaintiff, the trial court issued an order to show cause requiring defendant to show cause why an order should not be made modifying the terms of the decree of divorce so as to reduce the monthly payments from $40 per month to $20 per month. In plaintiff's affidavit, in addition to reciting many of the foregoing facts, plaintiff stated that he was unable to keep up the payments; that he had no available means except his earnings as a commercial traveler; that he had a wife to support; that, while in 1922 and 1923 he was earning $150 per month, he did not make his expenses during the year 1924, and during the year 1925 did not earn more than necessary for his living expenses; and that, at the time of making the affidavit, he was earning $30 a week, and his living expenses per month were $105; and that the child of plaintiff and defendant is well taken care of by defendant's uncle; and that $20 a month is the most that plaintiff would be able to pay for the support of his former wife and child.

Defendant, in her answer to the order to show cause, denies that the plaintiff was forced to accept the terms and conditions of the divorce decree, but says that plaintiff voluntarily agreed because he owed her over $1,000 on account of failure to make payments for the support of herself and their child under a former arrangement, and because he wanted to marry another, and she consented to the terms and conditions relying on the bond and states that, from the time the decree was signed up to the time of defendant's affidavit, the plaintiff had made no payments; that it is impossible for the defendant to support the child for any less than the amount stated in the decree; and that defendant is not trained in any profession and has no position whereby she can support herself or child.

In plaintiff's rebuttal affidavit, he admits that he agreed to pay the sum stated in the decree, but says that he was afraid that, if he did not agree, he would be arrested and tried for wife and child desertion, and that, even though his counsel then and there told defendant's uncle that he would fight extradition, plaintiff was frightened and under compulsion agreed to the terms of the decree which he now finds himself unable to fulfill, owing to his small earnings and the state of his health, denies that he entered into the agreement for the purpose of remarrying, but states that he is suffering from diabetes and paying $6 per week on doctor's bills, and that it was necessary for him to have a home so as to get proper diet and treatment, in support of which latter assertion he attaches to his affidavit a physician's certificate dated March 13, 1926, stating that plaintiff had been on a strict diet for five months on account of diabetes. Plaintiff further states that he is in debt because of sickness and other expenses in the sum of $350, as well as being compelled to borrow $120 to keep up his alimony payments, and that the defendant is a typesetter and capable of making good money, and that she has worked at typesetting.

It does not appear from the record whether the court denied plaintiff's motion for modification because it had presented to it for the first time, in defendant's answering affidavits, her contentions as to plaintiff's good faith and ability and willingness to pay, and, because theerof, the court was of the belief that the amount decreed was fair and reasonable; or because the court was of the opinion that circumstances had not changed sufficiently in

the nine months since the hearing or the three months since the entry of the decree to justify its modification at that time, or because the court was of the opinion, having before it defendant's affidavits, that it had been misled into granting a decree, and that if the decree were to stand, the terms should not be modified. The reasons of the court for denying plaintiff's motion for modification are not disclosed by the record, the order itself reciting no reasons.

[1]    That a court may modify its orders relating to alimony and the custody and support of the children is provided by statute. Sections 164 and 165, Rev. Code 1919; Chapter 219, Session Laws 1923.   When this may be done is discussed in Vert v. Vert, 3 S. D. 619, 54 N. W. 655, as follows:

"To justify the court in modifying its former judgment, it should undoubtedly be satisfied that it is passing upon a different state of facts than those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court applying equitable rules and principles to change the allowance."

While, in Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42, this court said that the discretion of the trial court upon questions arising under what is now sections 164 and 165, supra, is subject to review by this court, an examination of the evidence as presented to the trial court in the case at bar does not show facts so different in March, 1926, from what they were either in May or December, 1925, as would "authorize or require the court, applying equitable rules and principles, to change the allowance," or that the trial court abused its discretion in denying the motion.

[2]    Appellant also contends that there is no statutory authority which permits a court, in granting a divorce to the husband for the fault of the wife, to provide therein for the support of the wife.   Be that as it may, for aught that appears from the record, the sum of $1,000 so decreed to be paid with appellant's own consent may have been in the nature of reimbursement for moneys expended by her in the past support of their child, as in her affidavit she contends.   However, in this contention, it is apparent that appellant is not merely seeking a modification of the

decree by reason of some change in the circumstances of the parties since the rendition of the decree, but is, in effect, appealing from that part of the decree with which he is dissatisfied without complying with the statutes or rules governing appeals. In the order to show cause which appellant obtained, the respondent was not required to show cause why the decree should not be modified as appellant now contends it should be, but merely to show cause why the $40 per month should not be reduced to $20. If appellant's contention here made was presented to the trial court at the show-cause hearing, the trial court may have concluded, as respondent contends, that the settlement embodied in the decree was voluntary on the part of appellant and without duress and therefore binding.

No abuse of discretion appearing, the order appealed from is affirmed.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.