WILLARD, Respondent, v. GUEFFROY, Appellant.

(222 N. W. 486.)

(File No. 6517. Opinion filed December 20, 1928.)

B. O. Stordahl, of Sioux Falls, for Appellant.

E. B. Skinner, of Sioux Falls, for Respondent.

MISER, C. The demurrer to respondent's complaint gives as grounds of objection thereto: (1) That there is another action pending between the same parties for the same cause. (2) That the complaint does not state facts sufficient to constitute a cause of action. These are the grounds of demurrer stated in subdivisions 3 and 6, respectively, of section 2348, R. C. 1919. This appeal is from the order overruling the demurrer. We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action, and express no opinion as to whether it is also demurrable upon the ground of objection stated in subdivision 3, § 2348.

The complaint alleges that respondent and appellant were married in 1904; that a son and daughter were born to them; that a

decree of divorce was granted to respondent from appellant on February 9, 1920; that respondent furnished a home for the son from the date of the decree until April 23, 1926, when he reached the age of 21 years; that, in the decree granting the divorce, was the following paragraph:

"It is further ordered that during such time that the children of the parties may make their home with the plaintiff that the defendant pay for the support of said children the sum of Fifty ($50.00) Dollars per month beginning March 1st, 1920, said payments to be made on or before the 5th day of each month."

The complaint further alleged that, from June 21, 1921, until April 23, 1926, appellant contributed nothing toward the support of his said son; and, by reason thereof, there was due to respondent from appellant, as per the terms and conditions of said decree, the sum of $25 per month or the sum of $1,425, which appellant refused to pay to respondent. The complaint demanded judgment for said sum.

Nothing was stated in the decree of divorce about the custody of the children or their support except as stated in the paragraph above quoted. A reading of this paragraph discloses that the custody of the children was not specifically granted to respondent; nor was any provision made for the payment by appellant of $25 per month for the support of the son only. Assuming, for the pleadings in the original suit for divorce are not pleaded in this action, that, in the divorce case, the court could have granted the custody of one or both children to respondent, and have required appellant to pay to respondent $25 per month for the support of each child, the fact is that the court did not do so. Assuming that the court, under the authority of section 165, R. C. 1919, could have modified the original decree to require appellant to pay to respondent the lump sum of $1,425 in reimbursement of the sum expended by her in support of their son, the fact is that the decree was not so modified. Respondent is relying upon an order that does not require appellant to pay to her $25 per month for her son's support, to hold appellant liable for 57 defaults of $25 per month or the lump sum of $1,425. Granting the power of the court which tried the divorce case to modify the order so as to require appellant to pay respondent $25 per month, or to order the payment of $1,425 in a lump sum, it was equally within the sound judicial discretion

34

of the court, upon a sufficient showing, to have allowed a greater sum for the support of the daughter than for the support of the son, or to have ordered the payment of a smaller lump sum for the support of the son than $1,425. Respondent assumes a modification of the original order which her pleadings do not show to have been made. It is apparent that this complaint does not state facts sufficient to constitute a cause of action.

Respondent urges that there is an implied promise on the part of appellant to reimburse respondent for the services rendered and money expended by her in the support of their son. Respondent's complaint, however, does not allege such a cause of action. Furthermore, the nonliability of a parent to the other parent for the voluntary support of his child without an agreement for compensation is stated in section 193, R. C. 1919.

The order overruling the demurrer should be and is reversed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.