EIDE, Respondent, v. EIDE, Appellant.

(246 N. W. 246.)

(File No. 7371.  Opinion filed December 30, 1932.)

(Rehearing denied January 18, 1933.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*Churchill & Benson,* of Huron, for Respondent.

RUDOLPH, J.  The plaintiff, Mathias D. Eide, in 1928 commenced an action for divorce against Thora Eide, the defendant and appellant.  The complaint was based upon desertion and extreme cruelty.  The defendant answered denying the allegations of the complaint, and by way of cross-complaint alleged that the plaintiff abandoned her and was guilty of extreme cruelty toward her. The defendant asked for separate maintenance.  After a trial of the case the court found all of the issues in favor of the defendant. We set forth findings of fact Nos. 5 and 6, entered by the trial court:

"V.  The court further finds that all the material allegations of the defendant's cross complaint herein are true and that the plaintiff wilfully and without cause about five years before the commencement of this action abandoned and deserted the defendant and her minor children, and wilfully and unjustly refused to live and cohabit with the defendant for a period of approximately five years prior to the commencement of this action."

"VI. That the plaintiff is addicted to the use of intoxicating liquors and that for many years last past, and prior to said desertion, as set forth in the preceding findings, the said plaintiff while in a state of intoxication and otherwise, abused the defendant; struck her; knocked out one of her teeth and broke a door in the home of the plaintiff and defendant when in a fit of rage and otherwise pursued a course of conduct such as to cause the defendant grievous mental anguish and suffering, and that the plaintiff is not a fit and proper person to have the care, custody and control of the minor children of the parties to this action, and that the defendant is a fit and proper person to have their care, custody and control."

The court further found that the plaintiff was the postmaster of the city of Howard and earning a salary of $200 per month, and, further, that the plaintiff was the owner of a homestead located in the city of Howard upon which there were delinquent taxes. The judgment ordered and directed that it was "lawful and right for the defendant to live separate and apart from the plaintiff, and that the plaintiff pay to the defendant the sum of $75.00 per month for separate maintenance for the defendant and her minor children, until the further order of the Court herein, such first payment to begin as of the date of November 1, 1927"; and further ordering and directing that "the defendant shall occupy the homestead of the parties to this action, to-wit: Lot 2 of Lot 18, of Section 2, etc., and that the plaintiff be, and he is hereby required on or before January 1st, 1928, to pay all back taxes and interest on the same as set forth in the Findings of Fact herein, and to thereafter pay all further taxes and assessments levied against said real estate." The decree further recited that: "It is further ordered that the Court maintain jurisdiction of this action, and jurisdiction is hereby retained, for the purpose of modifying the provisions for a separate maintenance and the provisions in reference to the homestead, as the condition of the parties may from time to time warrant."

In April, 1931, there was issued an order to show cause directed to the defendant citing her to show cause "why the judgment entered should not be modified so as to grant an absolute divorce between the parties, and to adjust the property rights between the parties as to the court may seem equitable and fair, or,

in the event for any reason the court should feel disinclined to grant such relief, the said decree to be modified to eliminate therefrom all provisions for the further payment of alimony." Affidavits in support and in resistance of said motion were filed by the parties, and, after a hearing, the court entered its order denying the application, in so far as it sought to modify the decree by granting an absolute divorce to the plaintiff, but granting the application by decreeing that, on or after October, 1931, the plaintiff should be entirely relieved and discharged from making any further monthly payments to the defendant. The defendant has appealed from this portion of the order. The affidavits disclose that the plaintiff was still employed as postmaster of the city of Howard, earning at the rate of $200 per month, also, that the two children of the parties had become of legal age prior to the time the application was made. It was also undisputed from the affidavits that the plaintiff failed to pay the taxes on the homestead, which he was ordered to pay under the decree, and that the premises were finally sold for taxes and a tax deed issued thereon. The affidavits are in sharp conflict regarding the property owned by the parties. The court made no recital in its order concerning the property of either party, and we are of the opinion, after a careful reading of the affidavits, that the property of either the plaintiff or defendant was not such that, at the time of the application, it would be of any material benefit or value.

The respondent complains that rule 6 of rules for trial courts was not complied with. The court in its order listed the affidavits served by each party, and recited as follows: "The court having read and considered the transcript of all the evidence introduced and received upon the original trial of this action, and having read and considered all the affidavits in support of and in opposition to plaintiff's motion for modification of Said Decree."

The respondent contends that the order shows that the trial court relied in part on the transcript of the testimony taken at the original trial, and this transcript, not being included in this record, precludes this court from reviewing this case. With this contention we do not agree. Findings of fact were made and entered by the trial court at the conclusion of the original case. A judgment was entered and no appeal was ever taken. The findings of fact entered

by the court have, therefore, been established as the facts of the original case. These findings are before this court as are the affidavits served in connection with this motion and listed in the court's order. We are of the opinion that there has been a compliance with said rule 6, and that the record is properly authenticated.

Stripping this case of the many incidental matters, which for some reason enter into cases of this character, we have presented here a situation which may be summarized as follows: The trial court decreed that the defendant was entitled, because of the actions of the plaintiff, to live separate and apart from the plaintiff, and awarded to her separate maintenance in the sum of $75 per month, which the plaintiff was able to and did pay. Thereafter, upon an application of the plaintiff, the trial court by its order wiped out completely all provision for maintenance of the defendant. The ability of the plaintiff to pay has not changed. The principal change of status is the majority of the children.

Respondent concedes the rule that the modification of this decree, so far as the payments of maintenance to the wife are concerned, was within the sound discretion of the trial court, and that what degree of change is essential to constitute a different state of facts sufficient to justify a modification of the decree must in general be addressed to the judicial discretion and judgment of the trial court. However, in this case we believe that discretion has been abused. Section 169, Rev. Code 1919, provides as follows: "The husband must support himself and his wife out of his property or by his labor. The wife must support the husband, when he has not deserted her, out of her separate property, when he has no separate property, and he is unable, from infirmity, to support himself."

We are of the opinion that, under the above statutory provision, once it is determined that the wife is entitled to live separate and apart from the husband because of the husband's fault, and that determination is not set aside, it is an abuse of the discretion vested in the trial court to cut the wife off completely without any support from her husband, conceding his ability to pay something, which must be conceded under the facts of this case. The trial court in attempting to relieve the husband from any support whatsoever, after having decreed that the wife was entitled to live

separate and apart from the husband, was, in our opinion, in error. It might well be that the condition of the parties has changed, since the entry of the original decree, to such an extent that it would be within the discretion of the trial court to modify the decree, in so far as the payments are concerned, by reducing the amount thereof, but under the statute and the facts here presented, we believe it unreasonable to allow a modification to this decree to the extent that it completely relieves the husband of all duty to pay his wife something for her support.

The order appealed from is reversed.

CAMPBELL, P. J., and POLLEY, J. (dissenting). We find no abuse of discretion by the trial judge and think his order should be affirmed.

ROBERTS, J. (concurring specially). It is not necessary in my opinion to consider or determine the effect of section 169, Rev. Code 1919. Upon a petition for the modification of a decree for separate maintenance it must be presumed that the trial court, in making the decree, took into consideration the pecuniary condition and requirements of the parties. At least in the absence of a showing of mistake, inadvertence, or excusable neglect such decree cannot be attacked for matters occurring before its rendition. An examination of the record does not disclose facts so different when the application was presented from those existing at the time of the rendition of the judgment as to justify a modification of the decree to the extent of relieving the respondent from contributing to the support of the appellant.

WARREN, J., concurs in the views expressed by ROBERTS, J.