RUDD, Respondent, v. GERKEN, Appellant

(295 N. W. 491.)

(File No. 8365. Opinion filed December 24, 1940.)

**W. F. Bruell,** of Redfield, for Appellant.
**Roy A. Nord,** of Faulkton, for Respondent.

RUDOLPH, J.   On the 12th day of June, 1918, there was filed in the office of the clerk of the circuit court of Faulk County a judgment in favor of the plaintiff, whose name was then Edith Gerken, against the defendant, Frank Gerken.   The judgment granted the plaintiff a divorce from the defendant, awarded the custody of a minor child to plaintiff, and decreed that the defendant pay to the plaintiff the sum of thirty-five dollars per month as alimony, payable on the first day of every month after the entry of the judgment.   On the 4th day of June, 1938, the plaintiff commenced an action against the defendant which action is the action now before us, and which is based on the judgment entered in 1918.

It is contended that the judgment in question is not a final judgment sufficient to support an action thereon for the reason that under the provisions of Section 165, R. C. 1919 (SDC 14.0726), the court has power to modify its provision in a divorce decree proceeding for an allowance to the wife for her support.   This code section after providing that, when a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children, and to make suitable allowance to the wife for her support, then provides "and the court may from time to time modify its orders in these respects."   This contention of appellant presents for the first time to this court the question of the power of the court to modify provisions of a divorce decree in respect to installment payments payable to the wife and which installment payments have accrued and are past due.   The decree upon which this action is based provides for monthly payments to the wife at the rate of thirty-five dollars per

month, and the action is brought to recover these monthly payments which have accrued.

It should be noted that the first paragraph of SDC 14.0726 relates simply to the maintenance and support of the wife and children. This first portion of the statute does not go to a division of the property belonging either to the husband or the wife, or both. The decree was granted under this first paragraph of the statute and relates solely to the support and maintenance of the wife and child. The provision for support and maintenance in this decree should not be held to be an award of money or property other than as such award might be necessary for the support of this plaintiff. The question presented is whether this statute has a retrospective effect and authorizes the court to modify installments of alimony which have accrued. Upon this question there is a division of opinion among the courts. See Annotation 94 A.L.R. 331. In reading our statute and looking at its general purpose and intent, we are inclined to the view that the authority of the Court thereunder is not limited to a modification of future installments that might be due under the decree, but that this authority extends to all installments whether past due or to become due. This being true, we are of the opinion that a decree for alimony in this state is not such a final judgment as will support an action at law thereon. We are inclined to agree with the reasoning of the Michigan court in the case of Nixon v. Wright, 146 Mich. 231, 109 N. W. 274, 10 Ann. Cas. 547, wherein it said: "By the statute cited the Legislature has given to the court of chancery the power to conserve the interests of the parties to divorce cases, by altering decrees regarding the wife's support. * * * It would be anomalous to sustain the authority of a court of law, to deprive the court of chancery of the opportunity of executing its statutory power, or, on the other hand, to sustain a jurisdiction of a court of law, in cases where its judgment would be practically nullified by subsequent orders of a court of equity, in a collateral proceeding."

Respondent in this case has relied to a large extent on the case of Simmons v. Simmons, 67 S. D. 145, 290 N. W. 319,

but that case related simply to a contempt proceeding, and what was said therein must be limited to that type of a proceeding. There was no attempt there to enforce the divorce decree by an action at law. In the case of Sorenson v. Spence, 65 S. D. 134, 272 N. W. 179, this court in an equitable proceeding permitted a decree of the Nebraska court to be established as an equitable decree of this court. There was no attempt there to maintain an action at law upon the Nebraska decree, and that case cannot be controlling here.

We are inclined to the view, therefore, that this divorce decree is not such a final judgment as will support an action at law thereon, and it follows that the judgment appealed from must be reversed.

SMITH, P.J., and POLLEY and ROBERTS, JJ., concur.
WARREN, J., concurs in result.