MATTHEWS, Appellant, v. MATTHEWS, Respondent

(22 N. W.2d 27.)

(File No. 8808. Opinion filed March 4, 1946.)

**Louis H. Smith,** of Sioux Falls, for Appellant.
**Hugh S. Gamble,** of Sioux Falls, for Respondent.

ROBERTS, J. An action for divorce was commenced by Joseph Mathews against his wife, Gertrude Matthews. The latter filed her answer and cross complaint denying

by way of answer the grounds for divorce set forth by the plaintiff and then by way of cross complaint alleged extreme cruelty on plaintiff's part. On February 14, 1936, the court entered a decree for defendant and awarded her custody of their son Richard, then eight years of age. The allowance of $30 per month in the decree for the support of the child was in accordance with the stipulation of the parties filed in the cause.

In July, 1942, defendant instituted contempt proceedings against the plaintiff claiming that he was then in arrears in making the payment as ordered by the decree. Plaintiff was ordered to pay $10 per month in addition to the payments required by the decree until the full amount of the past due installments was paid.

On April 2, 1945, plaintiff filed a verified application in which it is set forth, in addition to the facts 'above stated, that plaintiff has since remarried and his family consists of himself, wife and minor daughter; that it takes all of his earnings to maintain himself and family; that defendant has also remarried since the entry of the divorce decree; that her husband is now supporting her and maintaining a home for her; and that defendant has permitted the son who is seventeen years of age "to leave school and work in a ship building yard; that he is working at such work and earns approximately $50 per week and is now supporting and maintaining himself and is not dependent on plaintiff or defendant for support." Defendant was required to show cause why the monthly allowance for the support of the son should not be terminated.

Defendant in answer to the order to show cause filed an affidavit wherein she states that the monthly payments were expended solely for the support and maintenance of the son; that defendant permitted the son to remain out of high school during the second semester of the 1944-1945 school year "due to the manpower shortage and for the reason that he could earn in excess of $50 per week; * * * that he invested practically all the moneys earned in United States Government bonds"; that it is the opinion of defendant "that with the moneys thus earned and being capable of

securing money during the summer and part time during the school year, he could fully prepare himself for some profession, and that it was only on this account that she allowed such minor son to remain away from school" during the second semester; and that "beginning with the fall term of school he will reenter and complete his high school education." The son in his affidavit admits that he quit school to seek employment and express the hope of earning sufficient money to obtain a "professional education."

In a rebuttal affidavit, plaintiff states that his weekly wage is $45.40.

The court, after hearing, entered an order continuing the monthly allowance for support to and including March, 1946. The original decree provided for payments until the further order of the court. From this supplemental decree, plaintiff appeals.

It is provided by SDC 14.0724 that the court shall have authority in a divorce action to "give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." It is provided by SDC 14.0726 that the court shall have power where a divorce is granted for the offense of the husband to "compel him to provide for theh maintenance of the children of the marriage" and from time to time to "modify its orders in these respects."

 Under these sections, the jurisdiction of the court in a divorce action to make suitable provision for the children is a continuing one and it may from time to time vacate or modify previous decrees with reference thereto to meet changing conditions. Vert v. Vert, 3 S. D. 619, 54 N. W. 655; Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42; Marks v. Marks, 22 S. D. 453, 118 N. W. 694; Glad v. Glad, 51 S. D. 574, 215 N. W. 931; Rudd v. Gerken, 67 S. D. 534, 295 N. W. 491; Lines v. Lines, 69 S. D. 299, 9 N. W.2d 705. A decree of divorce providing for the custody and support of the children of the divorced parents may be modified as circumstances require even though it is based upon an

agreement or stipulation of the parties. Houghton v. Houghton, 37 S. D. 184, 157 N. W. 316.

■■ The statutes and decisions in this state recognize and declare that parents are charged with the natural and common law duty to support their minor children. Haakon County v. Staley, 60 S. D. 87, 243 N. W. 671. Under the power conferred by Sections 14.0724 and 14.0726, supra, there is provided a method of enforcing this natural and legal obligation in a divorce action. It is aptly said in West v. West, 241 Mich. 679, 217 N. W. 924, 925, that: "Care and maintenance for the minor child is not a substitute for the common-law obligation of the father to support his child, but an enforcement thereof in case of divorce. * * * The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court to prescribe the amount to be paid by the father for such purpose. The purpose is to assure support of the child, and, as long as the need exists, the obligation and power remain."

■ In determining the duty of the father to provide support and education of his children, before or after divorce, it is to be kept in mind that his duty corresponds to his financial means and ability and that he is not liable for support or education other than such as is suitable to their circumstances and situation in life. In Greenleaf v. Greenleaf, supra, the decree of divorce awarded the custody of the minor children to the mother. The trial court denied the motion of the defendant to set aside the provisions of the decree requiring a monthly payment by the father for the support of the minor children. The mother claimed that the monthly allowance was necessary for the proper education of the children and that she had expended a sum for their education greater than the amounts that she had received under the provisions of the decree. It is pointed out in the opinion that during the seven year interval between the entry of the decree and the motion to modify that the financial condition of the parties had materially changed. It was held that because of the financial inability

of the father and the betterment of the financial condition of the mother and the ages attained by the children it was error to deny the motion to set aside the provisions for support. In other words, the lower court should have taken into consideration the change in the financial circumstances of the parties and in the necessity for support.

In the instant case, at the time of the hearing in April, 1945, the son had quit school and his earnings were greater than those of the father who was not shown to possess other means or income than his wages. The son was not then dependent upon the plaintiff or defendant for support. Under these and the other circumstances disclosed by the record, we think that the motion to set aside the provisions in the decree requiring the monthly payments should have been granted. Defendant at the time of the hearing asserted that the son was temporarily employed and would return to school in the fall. It is obvious that the court was limited to a consideration of the facts existing at the time of the hearing. If the son has returned to school and a need for support exists, it is within the authority of the court upon proper showing to give such relief as the circumstances of the parties may require.

The order of the trial court overruling and denying plaintiff's motion is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

All the Judges concur.

BECK, Circuit Judge, sitting for POLLEY, J.