DOUGHERTY, Appellant v. DOUGHERTY, Respondent

(77 N.W.2d 845)

(File No. 9561.   Opinion filed July 24, 1956)

**Bicknell, Holland & Delaney,** Webster, for Plaintiff-Appellant.

**Rex W. Harris,** Webster, for Defendant-Respondent.

ROBERTS, P. J.  The plaintiff and defendant were married in 1921.  In 1944, plaintiff commenced an action for divorce on the grounds of desertion and mental cruelty. September 27, 1944, a decree was entered granting the plaintiff a divorce and awarding to her alimony and custody of their seventeen year old son.  Prior to the time of the granting of the divorce, an agreement was entered into between the parties as to alimony and support.  Paragraph 2 of the divorce decree reads: "That the defendant pay to the plaintiff the sum of $60.00 per month, as alimony and support for the plaintiff, and that the written stipulation herein on file whereby defendant agrees to make said monthly payments, is hereby approved and ratified."

May 20, 1955, an order was entered requiring plaintiff to

show cause why the above portion of the decree should not be stricken. In his supporting affidavit, defendant states that there has been a change of conditions since rendition of the decree of divorce by reason of the coming of age of the son of whom plaintiff had custody; that plaintiff inherited one-third of the property of an estate "which according to the inheritance tax inventory and appraisal filed in said estate gave to each of the (three) heirs an assigned value of property inventoried at $23,006.04"; that defendant has remarried and his family consists of himself, wife, two sons and a stepdaughter; that his salary is $440.50 per month from which he pays federal taxes, hospital insurance, pension contributions and provides for the maintenance of his family; and that the only other income available to him is a monthly payment of disability compensation amounting to $74.

The plaintiff in her affidavit in answer to the order to show cause states that defendant owes plaintiff for unpaid alimony and support the sum of $2,880; that the financial condition of plaintiff has not improved since rendition of the divorce decree; that she inherited the property referred to by plaintiff in 1939 when the parties were still living together and that such inheritance was used for support of the family; that during the past two years she has not netted more than $350 from a quarter section of land which she acquired prior to the divorce; that the net income from her residence property in Webster does not exceed the amount of rental paid by her for a dwelling in Minneapolis, Minnesota, where she now resides; and that she is now employed, but because of disability earns only $13.50 per week less payroll and tax deductions.

July 19, 1955, after hearing, an order was entered from which plaintiff appeals. It is therein ordered and adjudged that paragraph 2 of the divorce decree "be and the same is hereby deleted, stricken from and removed from the terms and conditions of said judgment with the same force and effect as though the same had never been incorporated therein." The court found as appeared from recitals in the order "that the issue of the said marriage are grown up, that the plaintiff is employed, that the children of said mar-

riage are the sole support of themselves and their respective families, that if properly handled her real estate should produce sufficient income for upkeep, payment of taxes and for the support of the plaintiff.  The Court finds that defendant is married and has a wife and three young children in said family all of whom he is obligated to * * * support and provide for."

The court had jurisdiction to entertain an application for modification of the divorce decree.  SDC 14.0726 provides: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife.* * * as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects."  These provisions authorizing modification enter into every decree providing for the payment by the husband of an allowance to the wife as fully as though they were incorporated into the decree.  The decree can, however, be modified only upon a showing of a change in the condition and circumstances of the parties accruing subsequent to its entry and existing at the time of the application.  Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27, and cases cited.  The original decree in other words is res judicata except in case of changed conditions subsequently arising and proceedings for modification cannot be used to review the equities of the original decree. To this effect is, Vert v. Vert, 3 S.D. 619, 54 N.W. 655, quoted with approval in Guinter v. Guinter, 72 S.D. 554, 37 N.W.2d 452, 453:  " 'To justify the court in modifying its former judgment, it should undoubtedly be satisfied that it is passing upon a different state of facts than those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court applying equitable rules and principles to change the allowance.' "  To the same effect is Cameron v. Cameron, 31 S.D. 335, 140 N.W. 700, 702, Ann.Cas.1915D, 1062:

"The original decree not having made any allowance of or reference whatsoever to alimony or support money for plaintiff, we are constrained to the view that there was nothing in said judgment to be, or that could be, modified in relation to the subject of alimony; that by not including alimony in the original judgment such judgment became final and conclusive upon the subject of alimony; and that no power or jurisdiction existed thereafter in that respect. If an allowance of alimony had been ordered and adjudged to be paid to plaintiff by defendant on the said motion and petition to modify the original judgment, it would not have been modification at all, but the creation of a new judgment on the subject of alimony, not theretofore existing in the cause."

We hold that it was not within the power of the court to annul the provisions of the original decree declaratory of the right of the wife to alimony and thus defeat her right thereto if in the future changed conditions should warrant resumption of payments. The right of the plaintiff in the instant case to alimony was adjudged by the divorce decree and had become final, except as power is reserved in Section 14.0726 to modify. The court had authority only to adapt the decree to meet the change in the circumstances of the parties since its rendition.

Plaintiff also urges that because defendant was in arrears in the payment of alimony and apparently guilty of contempt, he was not in position to have his application heard. If this were true, the existence of accrued payments would prevent reduction of the amount of payments despite a substantial change in conditions. We have said that the power to modify permits upon proper showing retrospective modification and cancellation of all or part of the accrued installments. Rudd v. Gerken, 67 S.D. 534, 295 N.W. 491; see Annotation in 6 A.L.R.2d 1278. Default in itself does not prevent the court from entertaining jurisdiction of an application for modification.

The question then presented is whether the showing made discloses such a change in the condition and circumstances of the parties accruing subsequent to the entry of the divorce decree and existing at the time of the application as to justify on remand modification to the extent of relieving

defendant from payment of monthly installments including those in arrears. It appears that the only changes that have occurred are that defendant has remarried and that the son whom the mother had been supporting has attained his majority and that plaintiff now has employment earning $13.50 per week.

■■ The change of circumstances to justify a modification has reference to a change in the necessities of the wife and the financial ability of the husband since rendition of the decree. Guinter v. Guinter, supra; see Annotation in 18 A.L.R.2d 10. The criterion as we have indicated is not whether the decree was right when entered. There has been no reduction in defendant's income. The only change in the circumstances of the defendant of which there is proof is that he has remarried and that his wife and three children are dependent upon him for support. This of itself is not sufficient to justify a modification of the decree. It is, however, a circumstance that may be considered where other facts appear which would warrant the court exercising a sound discretion to modify the decree. It does not appear that defendant cannot suitably support his family and pay alimony.

■■ The employment of the plaintiff on a part time basis and the fact that the son whom plaintiff supported has attained his majority are circumstances that may permit some adjustment of the equities between the parties. Eide v. Eide, 61 S.D. 127, 246 N.W. 246. So far as we can determine the necessities and financial situation of the plaintiff, otherwise, are not materially different than they were when the original decree was entered and the amount of alimony was fixed by the court. The trial court found that plaintiff should derive sufficient income from her real property, if properly managed, for her support, but the record is silent as to whether there has been any change in such net income as compared to her living expenses since rendition of the divorce decree. If we are to adhere to the rule that the function of the trial court is to modify alimony to meet changed conditions, we cannot give weight to such finding, and resting on such consideration, a modification could not be sustained. The change in conditions alleged and proved

would justify a reduction, but we are not prepared to say that such change would warrant a modification to the extent of relieving defendant from all payments of future, as well as, accrued alimony.

The order appealed from is therefore reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

All the Judges concur.