EGGERS, Respondent v. EGGERS, Appellant

(153 N.W.2d 187)

(File No. 10417. Opinion filed October 2, 1967)

**Mead Bailey,** of **Christopherson, Bailin, Wilds & Bailey,** Sioux Falls, for defendant and appellant.

**Ellsworth E. Evans** of **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for plaintiff and respondent.

HOMEYER, Presiding Judge.

This appeal involves the power of the trial court to render a money judgment against a defendant in a separate maintenance action for arrearages in support payments. Such judgment was entered and this appeal followed.

In July 1960 plaintiff sued for separate maintenance and the defendant counterclaimed for an absolute divorce. A stipulation on temporary support and other matters was executed by respective counsel for the parties in August 1960. The defendant complied with the terms of the stipulation and the order of the court predicated thereon until time of trial on January 19, 1961, except he did not make one support payment which was re-

quired to be made on January 18th. Defendant disappeared from Sioux Falls on or about December 28, 1960, and did not appear at the trial in person, but was represented by counsel.

A decree of separate maintenance was entered in favor of plaintiff on February 14, 1961, and was personally served upon the defendant in Oregon. It required the defendant to pay plaintiff the sum of $800 per month as support money for herself and three minor daughters to be reduced to $700 when the eldest arrived at age 18 years, which was within about one year. It also required defendant to pay $1,000 for support which was due at the time of trial and allowed plaintiff counsel fees and court costs. The payments were declared to be a lien upon real estate owned by the defendant in South Dakota and the decree further provided that "plaintiff may employ any remedy applicable to enforce such lien and such judgment in the event that the defendant shall fail to make the payments herein provided * * *'.'

Defendant made no payments under said decree after departing South Dakota, and subsequently his interest in real estate in this state was sold on special execution and the proceeds applied on the amounts he was required to pay plaintiff under the separate maintenance decree. Thereafter in the same action and before the same judge, plaintiff made a motion for entry of money judgment for the sum of $21,453.90, which represented the amount due her after applying the amounts realized from the special execution sale. Defendant was personally served with the moving papers including notice of hearing thereon at Vancouver, British Columbia, and his counsel in South Dakota, was also served. The matter was heard on October 6, 1966, and again defendant did not appear in person, but was represented by counsel. Defendant did not ask for a modification of the support allowances and did not refute plaintiff's showing on his earning capacity and ability to pay.

Appellant's basic contention is the court below exceeded its jurisdiction and power in adjudicating plaintiff a money judgment for past due support allowances. He relies primarily upon the case of Rudd v. Gerken, 67 S.D. 534, 295 N.W. 491, as support for his position.

Rudd v. Gerken was a divorce action and our attention is directed to a difference in the statutes pertaining to support payments in divorce actions and separate maintenance actions.[1] We see no substantial reason to distinguish an action for separate maintenance from an action for divorce insofar as the power rests with the court to modify its orders from time to time relative to allowances for the support of wife and children is concerned.

■ The second paragraph of SDC 14.0727 set forth in the footnote, supra, was added as a part of the 1939 Code revision and gave statutory recognition to an action for separate maintenance. We do not believe either the revisors or the legislature intended to differentiate the two types of actions on modification of support allowances. Even before the amplification accompanying the 1939 revision, this court treated actions for divorce and separate maintenance on the same plane so far as support allowances were concerned, e. g., Milliron v. Milliron, 9 S.D. 181, 68 N.W. 286, where it was recognized that independent of statute a court of equity had the power to compel the husband to maintain his wife and provide her with suit money pending an action for separate maintenance. We perceive no logical reason why a court in a separate maintenance suit should not have power to modify its decree for support following entry thereof if there has been a sufficient change of circumstances to warrant modification. Guinter v. Guinter, 72 S.D. 554, 37 N.W.2d 452; Dougherty v. Dougherty, 76 S.D. 318, 77 N.W.2d 845.

■ We then came to the question: Does the circuit court have the power by motion in the original suit for separate maintenance to determine the amount owed by the defendant under its judgment and decree and to enter a money judgment for

---

1. SDC 14.0726: 1st paragraph, "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects."

SDC 14.0727: 2nd paragraph, "An action for separate maintenance may be maintained without request for divorce, upon any grounds which would be grounds for divorce, and in such cases the court shall have power to award temporary alimony, suit money, and permanent support for the wife and her children, or any of them, by the husband."

such amount? We answer the question in the affirmative. Reason and prior decisions of this court when carefully analyzed do not impel a contrary conclusion.

It is well settled in this state that a divorce court has continuing jurisdiction over its decrees for alimony, separate maintenance, and custody and support of children. Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27; In re Application of Habeck, 75 S.D. 535, 69 N.W.2d 353. An application for modification or enforcement of such decree is a supplementary proceeding incidental to the original suit. It is not an independent proceeding or the commencement of a new action. Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316; Atwood v. Atwood, 253 Minn. 185, 91 N.W.2d 728. See also McBride v. Lomheim, 82 S.D. 263, 144 N.W.2d 564. An application for modification of an allowance of alimony or support money or an application to obtain payments under a decree of divorce or separate maintenance should be made in the original suit and not as an independent proceeding and it has been held due process requires the defaulting husband to be notified of an application to reduce to money judgment alimony and support payments in arrears. Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635, rehearing denied 328 U.S. 876, 66 S.Ct. 975, 90 L.Ed. 1645.

In an early case, Harding v. Harding, 16 S.D. 406, 92 N.W. 1080, a somewhat analogous situation was presented. Defendant husband was ordered to pay his wife $35 per month as alimony, but failed to make the payments. The homestead was not mentioned in the original decree. After a hearing the decree was amended allowing the wife a lump sum as alimony and directing the home to be sold on execution to satisfy the amount allowed. It was contended that the divorce court had no jurisdiction by amendment to subject the homestead to the payment of alimony. Referring to our statutes[2] Judge Corson speaking for the court said:

"The evident purpose and object of the legislature, in adopting these various provisions, was to give the court

2. Section 2584, Comp.Laws, Dakota, 1887, now SDC 14.0726, first paragraph, and Section 2585, Comp.Laws, Dakota, 1887, now SDC 14.0728.

> full power and authority to enter such judgment, and, upon a proper showing, to modify the same in such manner as the exigencies of the case might require. The present case presents a striking example of the necessity of such a power in the courts. The original judgment provided for the payment of $35 per month alimony by the defendant, but no payments, except. the sum of $25, were made. The defendant had been left in the possession of the homestead, on the theory, no doubt, that he would pay the alimony prescribed by the judgment promptly. Two remedies were then open to the court. One was to punish the defendant as for contempt, and the other was to modify the judgment so as to enforce the sale of the homestead property. The court adopted the latter remedy."

Obviously before a sale of the property could be made as ordered, the court relinquished its power to further modify the decree and made final a judgment for alimony as the basis for the sale on execution. See also Willard v. Cueffroy, 54 S.D. 32, 222 N.W. 486.

In Drake v. Drake, 27 S.D. 329, 131 N.W. 294, the court awarded a lump sum as permanent alimony, declared the same a lien upon the real property of the defendant husband, and directed a sale thereof to satisfy the judgment. On appeal, this court reduced the allowance, but otherwise approved the action of the trial court and stayed execution for 90 days. Again of necessity, a final judgment was adjudicated on an alimony award.

In Narregang v. Narregang, 31 S.D. 459, 139 N.W. 341, the original decree granted the wife alimony in a lump sum, but subsequently the parties stipulated to payment thereof in installments and the extension was approved by the court. With two installments unpaid, plaintiff remarried and the defendant petitioned to be relieved from further payments. The trial court denied the petition and this court affirmed. Respondent contended a decree allowing alimony in a gross sum is the same as any other money judgment and not subject to modification. The

court said it would not decide this question, but in affirming assumed that the right to modify existed and then said that the court did not abuse its discretion in refusing to modify a lump sum allowance. See, however, Shoop v. Shoop, 58 S.D. 593, 237 N.W. 904, and Annot. 48 A.L.R.2d 302.

An exhaustive annotation on retrospective modification of decrees for alimony, separate maintenance or support, appears in 6 A.L.R.2d 1277, with a wide divergence among jurisdictions. Under statutes[3] nearly identical with our own, North Dakota does not allow retrospective modification. Weldy v. Weldy, 74 N.D. 165, 20 N.W.2d 583; Richter v. Richter, N.D., 126 N.W.2d 634. On the other hand, Minnesota with statutes[4] not materially different from those in this state permits accrued alimony payments to be modified. Hartigan v. Hartigan, 142 Minn. 274, 171 N.W. 925; Plankers v. Plankers, 178 Minn. 31, 225 N.W. 913; Sivertsen v. Sivertsen, 198 Minn. 207, 269 N.W. 413; Schmidt v. Schmidt, Minn., 146 N.W.2d 185.

Minnesota has also permitted finalization of judgments for accrued amounts, either in the original action, Atwood v. Atwood, supra, or by an independent action to recover such amounts. Koch v. Koch, 196 Minn. 312, 264 N.W. 791; Cederberg v. Grunstrom, 193 Minn. 421, 258 N.W. 574, 97 A.L.R. 207. In Levine v. Levine, 95 Or. 94, 187 P. 609, the Oregon court denied recovery in a suit on a Minnesota decree where alimony and support payments were in arrears because the Minnesota court had power to modify such allowances, relying upon Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061. Thereafter the plaintiff returned to Minnesota, obtained an adjudication of the amount of installments which were then due and unpaid by supplementary proceedings in the original action, and again sued in an Oregon court on the supplemental decree. The court then held in Levine v. Levine, 121 Or. 44, 252 P. 972, that such supplemental decree was protected by the full faith and credit clause of the Federal Constitution, Art. 4, Sec. 1.

3. Sections 14—05—24, 14—05—25, N.D. Century Code.
4. Minn.St. 518.22, 518.23.

Under statutes[5] not materially at variance with those in the state, the North Carolina court in a suit for alimony without divorce, Barber v. Barber, 217 N.C. 422, 8 S.E.2d 204, said:

> "A judgment awarding alimony is a judgment directing the payment of money by a defendant to plaintiff and, by such judgment, the defendant thereupon becomes indebted to the plaintiff for such alimony as it becomes due, and when the defendant is in arrears in the payment of alimony the Court may, on application of plaintiff judicially determine the amount then due and enter its decree accordingly. The defendant, being a party to the action and having been given due notice of the motion, is bound by such decree, and the plaintiff is entitled to all the remedies provided by law for the enforcement thereof. Vaughan v. Vaughan, 211 N.C. 354, 361, 190 S.E. 492."

The court also said:

> "There is no reason why a judgment should not be rendered on an allowance for alimony, which is a debt— any more than an ordinary one. The Court below, in its sound discretion, which is not ordinarily reviewable by this Court, under the motion of plaintiff in this cause can hear the facts, change of conditions of the parties, the present needs of support of any of the children and, in its sound discretion, render judgment for what defendant owes under the former judgment and failed to pay and see to it that such judgment is given to protect plaintiff * * *".

Subsequently, plaintiff sued on such judgment in Tennessee, Barber v. Barber, 180 Tenn. 353, 175 S.W.2d 324, and under authority of Sistare v. Sistare, supra, recovery was denied. However, on appeal to the United States Supreme Court, Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, that court reversed the judgment of the Tennessee court and in effect said the stat-

---

5. General Statutes, North Carolina, Vol. 2A, Sec. 50—16;

utes of North Carolina do not prevent a final judgment for alimony in arrears despite some confusing language in the earlier opinion of the North Carolina court on which the Tennessee court had relied.

In Ostrander v. Ostrander, 190 Minn. 547, 252 N.W. 449, a South Dakota decree for alimony in the amount of $75 per month upon which there was due $1,350 was declared by the Minnesota court to be payable forthwith and enforceable by all remedies available under the laws of Minnesota pertaining to alimony in divorce actions. Without considering the full faith and credit clause, the Minnesota court said since both husband and wife were now residents of Minnesota, public policy dictated that the South Dakoat judgment for support should be enforced in Minnesota. By similar reasoning in Sorenson v. Spence, 65 S.D. 134, 272 N.W. 179, we recognized a Nebraska decree requiring monthly alimony payments of $30 upon which there had accrued $1,860 saying "Unless it is shown * * * that the Nebraska decree has been modified by the courts of Nebraska, this court will permit that decree to be the basis for a decree in this state. The South Dakota decree being one for support is entitled to be enforced by all of the means at the command of the court for the enforcement of such decrees."

In Simmons v. Simmons, 67 S.D. 145, 290 N.W. 319, a contempt proceeding wherein defendant had failed to make payments of $20 monthly alimony and the 20 year statute of limitations was urged as a bar, this court said:

> "The judgment provides for payments of alimony at successive monthly intervals, and the right to enforcement accrues upon each installment as it matures. When a judgment is rendered, payable in installments, the statute begins to run against the judgment from the time fixed for the payment of each installment for the part then payable." Cases from other jurisdictions are cited.

We have carefully reviewed the decision of this court in Rudd v. Gerken, 67 S.D. 534, 295 N.W. 491, and confirm the holding therein that the divorce court retains the power to modify provisions of a decree in respect to installment payments

which have accrued and are past due if changed conditions are established. Wenzel v. Wenzel, 67 S.D. 537, 295 N.W. 493; Dougherty v. Dougherty, 76 S.D. 318, 77 N.W.2d 845. However, insofar as that decision can be interpreted to deny the divorce court power and jurisdiction to enter a final judgment for alimony and support payments in arrears in the original action after notice, it is overruled. Any other conclusion would extirpate from a decree for support of wife and children a needed effectiveness in our transient mode of life.

Affirmed.

All the Judges concur.