**Russell James EICHENBERGER,
Plaintiff and Appellant,**

**v.**

**Kathleen Marie EICHENBERGER,
Defendant and Respondent.**

**No. 12296.**

Supreme Court of South Dakota.

June 7, 1979.

---

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

PER CURIAM.

This is an appeal from the provisions of an amended decree of divorce. We reverse and remand.

Plaintiff married defendant in May of 1958. Two sons were born to the marriage, one in November of 1960, and the other in February of 1962. On September 13, 1971, defendant, who is an enrolled member of the Oglala Sioux Tribe, obtained a divorce from plaintiff in tribal court, the provisions of the decree awarding her custody of the two children.

The parties apparently had second thoughts about the validity of the tribal court divorce decree, for in April of 1975 plaintiff commenced an action for divorce in circuit court in Mellette County. Defendant filed no formal appearance, and on July 15, 1975, the circuit court entered a decree awarding plaintiff a divorce and awarding him custody of the two minor children.

In August of 1975, defendant moved to set aside the decree of divorce. In September of 1975, a three-day hearing was held pursuant to an order to show cause why the decree should not be set aside and why defendant should not be given temporary and permanent custody of the two children. At the conclusion of the hearing, the trial court orally announced a temporary decision to award defendant custody of the two children. On May 26, 1976, the trial court filed a memorandum decision affirming the July 15, 1975, decree of divorce insofar as it granted plaintiff a divorce from defendant and modifying the decree by granting defendant custody of the two children and by requiring plaintiff to pay defendant $300 per month for the support and care of the two children pursuant to an agreement that the court found the parties had entered into prior to the commencement of the divorce proceedings, such obligation of support to be effective from and after September 19, 1975. On October 20, 1976, findings of fact and conclusions of law were filed carrying out the terms of the memorandum opinion.

On June 23, 1977, an amended decree of divorce was entered granting defendant custody of the two children and ordering plaintiff to pay defendant the sum of $150 per month child support for each child from and after September 19, 1975.

█ Plaintiff contends on appeal that the trial court erred in imposing a retrospective obligation upon him to make the child support payments. We agree. There was no valid, existing order requiring plaintiff to make any type of support payments during the pendency of the action, thus our decision in *Eggers v. Eggers*, 82 S.D. 675, 153 N.W.2d 187 (1967), lends no support to the trial court's action. Although the agreement between the parties that plaintiff would pay defendant $300 per month for the support of the children might constitute evidence that this amount was reasonable and proper in light of the circumstances of the parties, we conclude that to the extent that the amended decree of divorce purported to impose this voluntarily assumed obligation of support retrospectively it was beyond the power of the trial court to enter, for there was no existing order for support that the amended decree could be deemed to relate back to in the way of a nunc pro tunc order. *Black v. Industrial*

*Commission,* 83 Ariz. 121, 317 P.2d 553 (1957); *National Life Ins. Co. v. Kohn,* 133 Ohio St. 111, 11 N.E.2d 1020 (1937); *Krechman v. Krechman,* 110 Ohio App. 554, 170 N.E.2d 91 (1959); *State v. Coleman,* 110 Ohio App. 475, 169 N.E.2d 703 (1959). The amended decree cannot be said to constitute a correction of the trial court's earlier judgment, *Unzicker v. Unzicker,* 270 N.W.2d 41 (S.D.1978), inasmuch as it represented a modification of the custody portion of the July 1975 decree of divorce, something that was clearly within the trial court's continuing jurisdiction, SDCL 25-4-45; *Matthews v. Matthews,* 71 S.D. 115, 22 N.W.2d 27 (1946), nor did it constitute an award to compensate defendant for extraordinary, one-time expenses. *Tank v. Tank,* 272 N.W.2d 831 (S.D.1978). Although defendant may have a valid cause of action against plaintiff for the amount of any unpaid installments, that claim exists by virtue of the existence of the agreement and not by virtue of the amended decree.

■ Plaintiff also contends that in any event the award of $300 per month child support is not supported by the record inasmuch as no evidence was presented concerning plaintiff's capacity to make such payments or the circumstances with regard to the needs of the children. *Matthews v. Matthews,* supra. Although the transcript of the three-day hearing on the order to show cause runs to some 616 pages, most of the evidence concerned the matter of custody. Notwithstanding the relative paucity of testimony regarding the financial circumstances of the parties and of the earning capacity of plaintiff, we conclude that the evidence presented to the trial court was sufficient to support a determination that plaintiff was capable of making support payments in the amount of $150 per child per month, a sum that plaintiff himself apparently thought was a reasonable figure during earlier stages of his post-marital negotiations with defendant.

Accordingly, the judgment appealed from is modified to eliminate the court-imposed requirement of support payments during the period from September 19, 1975, to June 23, 1977. In all other respects, the judgment appealed from is affirmed.

HENDERSON, J., deeming himself disqualified, took no part in this decision.