26982. McELRATH et al. v. CITIZENS & SOUTHERN
NATIONAL BANK et al.
26983. FRIEDMAN et al. v. CITIZENS & SOUTHERN
NATIONAL BANK et al.
26984. McELRATH v. CITIZENS & SOUTHERN
NATIONAL BANK et al.

GUNTER, Justice. These cases involve three generations of McElraths, a bank acting as executor of an estate under a will and also as trustee of trusts established for three minor children, and Mrs. Elise H. Friedman who is the divorced mother of the three minor McElrath children, the beneficiaries of the three trusts.

The rights of the various parties under the will (the trusts being established by the will) were in dispute. The bank, in order to protect itself and also to resolve the dispute among the various parties, brought an action in the court below asking the court to construe the will and direct the bank with respect to proper payment of funds in the three trusts being administered by the bank.

Stated very briefly, the facts giving rise to this family dispute are as follows: John M. McElrath died on the 29th day of July in 1968. His will was executed on October 16, 1967, and two codicils thereto were executed on July 2, and July 10, 1968. The Citizens & Southern National Bank was named executor and trustee in the will, and the bank is now acting in both capacities. The part of the will pertinent to these cases established trusts for three of the testator's grandchildren and provided "until the grandchild arrives at the age of 26 the Trustee shall use a sufficient amount of the income to provide for the grandchild's support, maintenance and education, including such special and postgraduate education as may be deemed by the Trustee to be in the best interest of the grandchild and to meet any emergency, whether due to illness or otherwise, which may occur with respect to the grandchild, and may, after taking into consideration the grandchild's income and means of support from other

sources, encroach upon the corpus for such purposes." John M. McElrath, Jr., son of the testator, and Mrs. Elise H. Friedman, his former wife and the mother of the testator's three grandchildren, were divorced by decree dated November 20, 1967, and the divorce decree awarded custody of their three children to Mrs. Friedman and required John M. McElrath, Jr., to pay child support for the three minor children. Other provisions of the divorce decree are not pertinent to the issues to be decided here. In the latter part of 1968, John M. McElrath, Jr., requested the Trustee to pay certain educational expenses of the minor children out of the income of the trusts created under the will for their benefit. This request ignited the dispute, Mrs. Friedman contending that her former husband had a legal obligation to support his minor children under the law of Georgia as well as a contractual obligation to support them which had been incorporated in the divorce decree. Mrs. Friedman's position in behalf of the minor children was that their trust estates should not be diminished by the Trustee paying for their support, maintenance, and education with their funds when it was the obligation of her former husband and the children's father to pay for their support, maintenance, and education, to the extent provided for in the decree, with his funds. John M. McElrath, Jr., admitted that he was financially able to make the child support payments provided for in the divorce decree, but he contended that the mandatory provisions in the will required the trustee to use a sufficient amount of the income of the trusts to provide for the support, maintenance, and education of the minor children who were the beneficiaries of the trusts. He also contended that the trustee should reimburse him for child support payments that he had made, because the mandatory provision in the will creating the trusts required the Trustee to use the income for the support, maintenance, and education of the minor children. He therefore contended that he was relieved of any legal or contractual obligation on his

part to make the child support payments.

The bank-executor-trustee, in this dilemma, filed suit to protect itself and to extricate itself, if possible, from these conflicting family contentions. The facts were stipulated, and the matter was submitted to the trial judge for decision without a jury.

The trial judge found that under the will it was mandatory that the trustee use a sufficient amount of the income of the trusts for each of the minor children for the purposes therein specified without regard to the legal or contractual obligation of their father to provide child support; he found that pursuant to the provisions of Ga. L. 1962, p. 623 (*Code Ann.* § 23-2311) the income of the trusts used for the support, maintenance and education of each of the minor beneficiaries does, to the extent thereof, discharge the legal obligation of the father for child support payments with one exception which will be hereinafter mentioned; he found that the contractual obligation incorporated in the divorce decree required the father to pay tuition, books and fees for the children to attend a private school at the elementary or secondary level and that such payments are not included in "the legal obligation" to support contained in the above referred to statute (*Code Ann.* § 23-2311) and that payment of such items by the Trustee would be an abuse of discretion on the part of the Trustee; and he further found that to the extent that the father had theretofore paid what the Trustee should have been paying for the support, maintenance, and education of the children (with the one exception referred to above) that the father was entitled to reimbursement by the Trustee out of the accumulated income of the trusts.

The minor children and the mother were dissatisfied with the trial judge's determination of the matter, and they have appealed; the father was dissatisfied with the trial judge's determination of the matter to the extent that he felt he should not be required to make the payments for tuition, books and fees for the children at private schools

at the elementary or secondary levels if there was .sufficient income in the trusts to pay for same in addition to paying for the normal support, maintenance and education of the minor children, and he has cross appealed.

We hold that the trial judge correctly held that under the will it was mandatory for the trustee to use the income of the trusts for the support, maintenance and education of the minor children; we hold that he correctly held that the father's legal or contractual obligation to make child support payments is reduced to the extent that the income of the trusts is used for the support of the minor children; and we hold that the trial judge committed error in holding that the payment of tuition, books and fees charged by a private school at the elementary or secondary level is not included in "the legal obligation" to support as those words are used in the 1962 statute (*Code Ann.* § 23-2311.)

We interpret the language in the will establishing the trusts to mean, as the trial judge held, that the trustee *shall use* a sufficient amount of the income of the trusts to provide for the support, maintenance, and education of the minor children. Thus it is mandatory for the trustee to do so; it is not a matter left to the trustee's discretion.

Having made that determination, we then face the 1962 Georgia statute which provides: "Whenever income from an estate or trust is available for the benefit of a person whose support is the legal obligation of another and such income is actually used for such person's support, the legal obligation of the other to support such person is reduced to the extent that such income is actually used for such person's support." Ga. L. 1962, p. 623 (*Code Ann.* § 23-2311).

We are also faced with Code § 74-105 which provides: "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." And in the situation here, the father's duty is established by a court decree requiring him to pay a stipulated sum each month for each of his minor children.

Prior to the enactment of our 1962 statute the law in this state on this subject seems to have been based on the old case of *Hines v. Mullins,* 25 Ga. 696, 697 (1858) which held: "A father is bound to support and educate his children if he is able to do so, and that, whether they have property of their own or not. This proposition is not disputed."

However, the 1962 statute is, in our opinion, a modification or, more appropriately, a reduction of this obligation as it existed prior to the enactment of the 1962 statute.

The case of Nielsen v. Nielsen, 93 Ida. 419 (462 P2d 512) (1969) was an action by a divorced wife to collect child support as required by a divorce decree. There the trial court and the Supreme Court of Idaho ruled adversely to the divorced wife, holding that the trust established by the paternal grandparents to discharge the existing obligations of the father to support his children excused the father's non-payment of child support required by the divorce decree. The Supreme Court of Idaho said that it is well settled that it is the duty of a parent to support his minor children, and the court reaffirmed and reasserted this principle of law, pointing out that it is only in the most extraordinary circumstances that this principle is modified. The court then held (p. 424): "The general rule is modified where it is clear that a trust fund has been established for the support and maintenance of minor children and that the trust fund is in discharge of the parent's otherwise obligation. Cleveland Clinic Foundation v. Humphreys, 97 F2d 849, 121 ALR 163 (6th Cir. 1938); In Re Carlson, 82 S. D. 631 (152 NW2d 434) (1967)."

While the Nielsen case is not totally persuasive, we can actually see no logical reason why a father's obligation as it existed in this state prior to the enactment of the 1962 statute should not be modified or reduced to the extent that trust funds are available for the support, maintenance, and education of minor children where it is mandatory that such funds be used by the trustee for

that purpose. We therefore hold that to the extent that such funds are available and must be used for such purpose, the father's statutory obligation or his legal obligation required by a court decree is reduced.

We also hold that the father is entitled to reimbursement for child support payments made by him, and which could and should have been paid by the trustee, to the extent that income of the trusts was sufficient for the support, maintenance and education of the minor children.

We now turn to the cross appeal of John M. McElrath, Jr., We disagree with the trial court and hold that the payment of tuition, books and fees charged by a private school at the elementary or secondary levels is included in the words "the legal obligation" to support as contained in the 1962 Act. Minor children are entitled to support, maintenance, and education commensurate with their placement on the economic scale and the placement of their parents on the economic scale in the community in which they live. And if such placement, from both an economic and cultural point of view, makes it desirable and reasonable that minor children attend a private school at the elementary or secondary level, then the payment of tuition, books, and fees charged by such a school would not be an abuse of discretion on the part of the trustee if income from the trusts is sufficient to pay the same.

*Judgments in Cases 26982 and 26983 affirmed; judgment in Case 26984 reversed. All the Justices concur.*

ARGUED FEBRUARY 14, 1972—DECIDED APRIL 6, 1972—REHEARING DENIED APRIL 20, 1972.

*Mallory C. Atkinson, Jr., Anderson, Walker & Reichert,* for appellants in case No. 26982.

*Bloch, Hall, Hawkins & Owens, Benjamin M. Garland, Charles M. Cork, Charles M. Cork, Jr., Wilbur D. Owens, Jr., J. Sewell Elliott,* for appellees.

*J. Sewell Elliott*, for appellants in case No. 26983.

*Charles M. Cork, Charles M. Cork, Jr., Wilbur D. Owens, Jr., Benjamin M. Garland, Mallory C. Atkinson, Jr.,* for appellees.

*Wilbur D. Owens, Jr., Benjamin M. Garland,* for appellant in case No. 26984.

*Charles M. Cork, Charles M. Cork, Jr., J. Sewell Elliott, Mallory C. Atkinson, Jr.,* for appellees.