Charles M. HOHENBERG,
Jr., Appellant,

v.

Marilyn J. HOHENBERG, Respondent.

No. 49572.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 28, 1986.

Kenneth S. Lay, Clayton, for appellant.

Alan J. Steinberg, Clayton, for respondent.

SMITH, Judge.

Husband appeals from an award of child support of $1500 per month for each of two children in a dissolution action. The main thrust of the appeal is that the trial court failed to give adequate consideration to trust income available for the support of the children.

There are two children of the marriage—Bradford born to wife on January 12, 1968, during a prior marriage and adopted by husband, and Jennifer born March 7, 1974, during the marriage. The parties agreed on all issues in the dissolution action except the award of child support. Both husband and wife are comfortably fixed—his assets after the dissolution exceed a million dollars, hers exceed $500,000. Both parties' assets are largely traceable to gifts from his parents. Three trusts, each containing a separate trust for each child, exist for the benefit of Bradford and Jennifer. There are additionally two term trusts, one for each child.

The first trust is an irrevocable trust established by husband's parents in December 1976. By its provisions the children are to receive the corpus, in equal shares, as they reach 21. Husband and wife are co-trustees with power to encroach on the corpus "if they deem it necessary or to the best interest of any beneficiary...." The trustees "shall expend so much of the share of each beneficiary, respectively, of the income of the trust estates for the benefit of ... or to the best interest of each such beneficiary...." The trustees also have the discretion to accumulate any or all of the income. Further, "the trustees may, in their discretion, pay over any or all payments herein provided, during the minority of the beneficiaries, to the person, other than Donors, having custody of any such minor beneficiary, or to such other person as the Trustees may select, including the beneficiary...." At the time of trial this trust had an asset value of $208,-000 and an estimated annual income of $14,247.93.

The second is an irrevocable trust established by husband in December 1976. Wife is the sole trustee. That trust provides that the trustee "may encroach upon the principal of the trust to pay to or for the benefit of the Beneficiaries such amounts as the Trustee in its discretion may deem advisable from time to time for the proper maintenance and support of the Beneficiaries." As to income the trust authorizes the Trustee to "distribute to, or apply for the benefit of, the Beneficiaries, so much of the income of the trust, at such time or times and in such amounts and manner, as the Trustee, in its absolute discretion, shall determine." Included within the provisions of the trust dealing with its irrevocable nature is the following sentence, not discussed by either party: "Neither the creation of this trust nor any distribution of income or principal hereof shall be deemed or considered to discharge or relieve the Grantor from his obligation to support any of his dependents." The trust is to terminate as each child reaches 30 and becomes entitled to his or her share of the corpus. This trust, at the time of trial, had an asset value of $187,000 and an estimated annual income of $11,872.49.

The third trust is a "Clifford" trust established by husband in August 1976 and terminating in December 1986. Husband and wife are co-trustees. Income must be distributed annually to or for the benefit of the beneficiaries and no invasion of the corpus is permitted. Upon termination the corpus is to be distributed to husband. At time of trial this trust had an asset value of $258,000 and an estimated annual income of $20,022.54.

In addition term trusts have been set up by the father for each of the children into which the income from the Clifford trust has been placed. At time of trial Jennifer's term trust had assets of $52,000.00 and estimated annual income of $4988.16. Bradford's term trust had assets of $40,000 and estimated annual income of $4204.00. Husband and wife are co-trustees of Jennifer's trust; the record is not clear on the trustee of Bradford's although it can be inferred that wife has at least some control. After a motion for support *pendente lite* was denied, wife utilized some trust income ($27,000 over 18 months) to support the children.

Based upon the foregoing the total principal in the trusts is $745,000 and the annual estimated income is $55,335.12. If the corpora of the trusts remain at their present value the children will each be entitled to $243,500 upon distribution. In December 1986, the Clifford trust will end and the annual estimated income of the remaining trusts will be $35,312.58.

■ Wife's income and expense statement, utilized by the trial court to determine the amount of child support, shows annual expenses of $60,708.60. This exceeds the $60,000 found by the trial court to be the expenses of the household prior to the separation of the parties. The wife's statement lists the expense of both children at a total of $1,803. To this could be added certain miscellaneous expenses clearly or arguably solely those of the children. Wife also contends that her payments on the

home mortgage and her utilities should be considered in part the expense of her children. The mortgage payments serve to protect and increase the equity in property belonging to her and we are unable to find any basis for considering those expenses of the children. The utilities are in part utilized by the children and some portion of those could properly be allocated to the children. Taking all that into account we are unable to find support for the trial court determination that each child requires $1,500 per month for support. We need not determine the proper amount.

During the period when the family was one unit the income from the trusts was allowed to accumulate and husband and wife furnished the support for the children. In part this was for tax reasons. Wife wishes to continue to utilize all trust income as an addition to corpus under the reasoning that using the children's trust income to support them would be like "stealing" from them. The trial court adopted verbatim the findings of fact and conclusions of law of the wife. We find several serious errors in the findings based on the record before us, but in the view we take of the case it is unnecessary for those matters to be discussed.

Sec. 452.340 RSMo 1978 provides for an award of child support in a dissolution proceeding. This award is to be an amount reasonable or necessary for the support after consideration of all relevant factors including:

"(1) The father's primary responsibility for support of his child;

(2) The financial resources of the child;

(3) The financial resources of the custodial parent;

(4) The standard of living the child would have enjoyed had the marriage not been dissolved;

(5) The physical and emotional condition of the child, and his educational needs; and

(6) The financial resources and needs of the noncustodial parent."

In this case items 3 through 6 are essentially irrelevant for the dispute here is sole-ly whether the father will provide the support or the money will come from the trust income. In either event the amount available will avoid any economic impact on the mother and will provide generously for the children. A review of the trial court's conclusions of law reveals that the court considered the father's obligation to support was overriding and declined to require the children "to provide for their own support." In doing so it relied upon *Trunko v. Trunko*, 642 S.W.2d 673 (Mo.App.1982).

In *Colabianchi v. Colabianchi*, 646 S.W.2d 61 (Mo. banc 1983) [6, 7] the court recognized that while a parent has the obligation to support an unemancipated child until age 21, "This does not mean, however, that under all conditions and circumstances, a court must require the father to contribute to the support of the son merely because he is under 21." *See also In re Marriage of Berkbigler*, 560 S.W.2d 36 (Mo.App.1977) [3]. In *Slaughter v. Slaughter*, 313 S.W.2d 193 (Mo.App.1958) [2, 3] the court stated the following rule:

"It is well settled in this jurisdiction, as well as elsewhere, that a father is bound to support his minor children, if able to do so, even though they have property of their own ... (Citations omitted). The only exception to this rule is where, under a trust, will or agreement, a fund is created for the express purpose of maintenance and education of the minor child or children. In such cases, the application of the property or income for that purpose must be made without regard to the ability of parents to support said minors.

*Slaughter* arose prior to our present dissolution statute. It does recognize, however, that trust income must be recognized in determining the extent of a parent's obligation to support. Our present dissolution law is less rigid than the rule stated in *Slaughter*, as to the obligation of the father to support, *Colabianchi, supra*. In *Trunko v. Trunko, supra*, we inferentially, at least, recognized the availability of trust income to offset the father's support obligation by our statement that the trust in

that case was for the express purpose of providing an education in the event of the father's death or disability and therefore could not be utilized as an offset. We conclude, therefore, that a trial court is not free to disregard the income and assets of the children in determining the child support obligation of the husband. While the emphasis of such an award is upon father's primary responsibility for support the statute also mandates consideration of the financial resources of the child.

■ We also note that the father's responsibility exists until the child reaches 21 or is emancipated. He is under no legal obligation to provide support thereafter for a healthy normal child. Where the father has made provision for the child's support during minority we can think of no legal reason why he should be required to furnish further support in order that the initial support can be utilized for the child's years of adulthood. That is not the purpose of child support.

■ We turn now to the trusts before us. Husband does not contend, and we do not suggest in this case, that the corpus of the trusts, intended basically for the children's majority years, should be utilized to meet the husband's support obligation. But the income of the trusts presents a different matter. The irrevocable trust of the grandparents specifically authorizes the use of income for the benefit and best interests of the beneficiaries and authorizes payment of that income to the custodian of the children or the children themselves. It terminates as each child reaches majority so this provision obviously contemplates distribution for the benefit of the children during their minority years. The Clifford trust by its express provisions

mandates the payment of income to or for the benefit of the children. The trustees have during the course of the marriage placed the income in the term trusts which are also being allowed to accumulate. The father's irrevocable trust also provides for use of the income for the benefit of the children during the pendency of the trust.[1] None of the trusts evidence any intention that income from the trust is not to be utilized for the maintenance, support and education of the children and all indicate that it shall or may be so used.

One irrevocable trust, the Clifford trust, and the term trusts were established by the father and the other trust by his parents. Father has by his actions provided for the support of his children. The trial court's order requires him to do so again, so that upon reaching adulthood the children will have even greater assets than have already been provided. We find the trial court has misapplied the statute, the case law and the purpose behind the requirement of parental support. *See Nielsen v. Nielsen,* 93 Idaho 419, 462 P.2d 512 (1969).

Wife also posits the proposition that because of his status as a co-trustee of some of the trusts husband may refuse to utilize the trust income for support of the children. In this unlikely event, or if upon termination of the Clifford trust wife finds the children are unable to subsist on $35,000 per year, she can seek a modification of the decree.

Award of child support is reversed. In all other respects the judgment is affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

1. The heretofore quoted section of that trust instrument regarding discharge or relief of husband's obligation to support was obviously included so the trust income would not per se constitute income to the father under 26 U.S.C. §§ 61, 671–677, 682 of the Internal Revenue Code. *See Helvering v. Stuart,* 317 U.S. 154, 63 S.Ct. 140, 77 L.Ed. 154 (1942); *Hamiel's Estate v. Commissioner of Internal Revenue,* 253 F.2d 787 (6th Cir.1958). This is buttressed by the designation of the wife as sole trustee. We are not here concerned with the effect upon father's tax situation of in fact utilizing the trust income to support the children. The income from the trust is, pursuant to the trust, available for use to benefit the children. It is a financial resource of the children and must be considered in determining the question of support under the statute.