**Audrey FORKEL, Plaintiff and Appellee,**

v.

**Lester FORKEL, Defendant and Appellant.**

**No. 14801.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1985.

Decided May 14, 1986.

Lonald L. Gellhaus of Williams & Gellhaus, Aberdeen, for plaintiff and appellee.

Thomas M. Tobin of Tonner & Tobin, Aberdeen, for defendant and appellant.

PER CURIAM.

This is an appeal from a judgment ordering appellant Lester Forkel to pay child

support payments for his youngest child. We affirm.

Lester and Audrey Forkel were married on January 3, 1960. Four children were born of this marriage: Lois, Connie, Kerwin, and Leslie. Audrey filed for divorce in 1977; Lester counterclaimed and also requested a divorce. The trial court granted a divorce to each party and awarded custody of the children to Audrey; the court also ordered Lester to pay child support. The custody provisions of the divorce decree were modified later in 1977 and again in 1979; on both occasions the trial court continued to require Lester to pay child support for each child in Audrey's custody. In 1980, the trial court modified the custody provisions a third time by placing Kerwin in Lester's custody and Leslie in Audrey's custody; in that judgment, the court made no reference to child support. However, a short time later, the parties stipulated that Lester would not owe any child support until Kerwin reached age eighteen on July 15, 1982. This stipulation was not made a part of the settled record.

In 1981, Lester's parents created a trust for the benefit of Leslie. The stated purpose of the trust is "to secure the beneficiary from want and to assist [him] in securing a living from the assets of the trust, free from the accidents of mismanagement or improvidence, and free from the interest of any future spouse." Leslie received about $1,800 from the trust in 1983 and 1984, and presumably he will continue to receive at least that amount in future years.

In 1984, the trial court ordered Lester to pay delinquent child support for the period from July 15, 1982, when Kerwin reached age eighteen, through August 15, 1984. Lester had not made any child support payments during that time. The court also ordered Lester to pay child support for Leslie, the only remaining minor child, and ruled that the income which Leslie receives from the trust will not affect Lester's obligation to pay support.

On appeal, Lester argues that the trial court abused its discretion by ordering ret- roactive child support absent any court or- dered child support on July 15, 1982, and by ordering current child support. Lester also maintains that the trial court erred by failing to reduce his support obligations by the amount of income received by Leslie from the trust.

■ The trial court has the power to retroactively modify child support payments by the discretion granted under SDCL 25-4-41 and 25-4-45. Jameson v. Jameson, 306 N.W.2d 240 (S.D.1981); State ex rel. Larsgaard v. Larsgaard, 298 N.W.2d 381 (S.D.1980). However, we have also ruled that a trial court cannot impose a retroactive obligation to make child support payments if there was no existing order for support that the amended decree could be deemed to relate back to in the way of a nunc pro tunc order. Eichenberger v. Ei- chenberger, 279 N.W.2d 690 (S.D.1979). In Eichenberger, there had never been an or- der for child support prior to the court's imposition of the retroactive child support obligation. The facts are quite different in the present case. Here, the trial court ordered Lester to pay child support on three different occasions; in addition, the parties stipulated that Lester should re- sume support payments after July 15, 1982. Therefore, the trial court's order, which requires Lester to pay child support for the period from 1982 to 1984, can be deemed to relate back to the three prior orders for child support.

As for the award of current child sup- port, Lester has failed to make any show- ing that the trial court abused its discre- tion. Consequently, this court will not re- verse the trial court's decision on appeal. Johansen v. Johansen, 365 N.W.2d 859 (S.D.1985).

■ Finally, with regard to Leslie's in- come from the trust, the law is clearly settled that a father is obligated to support his minor children, if he is able to do so, even though the children have property of their own. In re Carlson Trust, 82 S.D. 631, 152 N.W.2d 434 (1967). A limited ex- ception to this rule occurs when by trust, a

fund has been established for the *express* purpose of support, maintenance, and education of minor children. *Id.; see also McElrath v. Citizens & Southern National Bank,* 229 Ga. 20, 189 S.E.2d 49 (1972); *Nielsen v. Nielsen,* 93 Idaho 419, 462 P.2d 512 (1969). Lester argues that the trust created by his parents is for the "support" of Leslie. We disagree. The trust agreement does not clearly state that its purpose is to "support" Leslie, nor does it state that the trust fund is in discharge of Lester's obligation to support his child. Lester's duty of support cannot be shunted aside merely because Leslie has generous grandparents. Therefore, we find no error on the part of the trial court.

The judgment of the trial court is affirmed.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, participating.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.