**Rodolph Gordon SHERRILL, Plaintiff–Appellee,**

v.

**Margaret Rawlings SHERRILL, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 15, 1992.

Permission to Appeal Denied by Supreme Court May 18, 1992.

John P. Konvalinka, Grant, Konvalinka & Grubbs, and Jennifer H. Lawrence, Leitner,

Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Chattanooga, for plaintiff-appellee.

Marvin Berke, Berke, Berke & Berke, Chattanooga, for defendant-appellant.

## OPINION

FRANKS, Judge.

In this divorce action the wife has appealed, raising numerous issues relating to the property settlement, alimony award, and child support.

The parties were married in 1970 and have two children. At the time of the parties' marriage the husband owned 150,000 shares of Krystal Company stock, land and other personal property, the stock having been inherited from his father, a co-founder of the Krystal Company. The husband was an officer and employee of the Krystal Company throughout the marriage. In 1985, the husband sold his Krystal Company stock on a leveraged buy out of the company.

■ The wife earnestly insists that the increase in value of the separately owned stock held at the time of the marriage should be marital property. In this regard, the Trial Judge made the following fact finding:

"The record is absolutely void of any proof that *either* party took any action whatsoever to aid in the increase in the value of the Krystal Company stock. The Wife testified that for the first seven or eight years of the marriage the Husband drank to such an excess that he did not even show up at his Krystal job most Mondays; there can certainly be no inference from Wife's testimony that Husband's performance at Krystal had any positive influence upon the increase in the Husband's Krystal Company stock. To the contrary, Wife's proof supported a finding that Husband's performance at Krystal very likely had a negative influence upon the increase of the Husband's Krystal Company stock.

In regard to any contribution made by the Wife, the Court finds that in regard

to the Wife's contributions as a homemaker and parent, in a light most favorable to the Wife, the Wife did make contributions as a parent, very similar to the contributions made by the Husband. However, the Court finds that whatever contributions the Wife made as a parent and a homemaker, such as to satisfy the "substantial contribution" aspect of the test, Wife must still show that said substantial contribution contributed to the preservation and appreciation of the Husband's inherited stocks. The Court finds the Wife failed to show that any contribution she may have made as a parent or homemaker had any direct or indirect connection whatsoever to the preservation and appreciation of the Husband's Krystal Company stockholdings. The Court finds there is no relationship, direct or indirect, between the Wife's parenting or homemaking contributions and the increase in the Krystal Company stock."

The issue of a spousal contribution to the "preservation and appreciation in the value of stock is a question of fact." *Crews v. Crews,* 743 S.W.2d 182 (Tenn.App.1987) held that the appreciation in value of stock owned by the wife at the time of the marriage did not become marital property because there was "no evidence" that the husband in any way contributed to the preservation and appreciation of the stock. Tenn.Code Annotated 36–4–121 provides that "direct" and "indirect" "substantial contribution" to the appreciation of separately held property will render the increase in value, marital property under the statute. *See e.g., Ellis v. Ellis,* 748 S.W.2d 424 (Tenn.1988); *Mondelli v. Howard,* 780 S.W.2d 769 (Tenn.App.1989); *Mahaffey v. Mahaffey,* 775 S.W.2d 618 (Tenn.App.1988); *Batson v. Batson,* 769 S.W.2d 849 (Tenn.App.1988). However, the evidence in this case does not preponderate against the Trial Judge's finding that neither made a "substantial contribution" to the appreciation in the value of the stock. T.R.A.P. Rule 13(d). Accordingly, we affirm the Trial Judge on this issue.

■ The wife also argues that the increase in value of $48,475.00 as found by the Trial Judge in the "Dog Trot Farm" owned by the husband at the time of the marriage, was likewise marital property, which the Trial Judge found was the separate property of the husband. After marriage, the parties lived on the property for approximately a year and a half, but the evidence does not preponderate against the Trial Judge's determination that the increase in value was not marital property. T.R.A.P. Rule 13(d).

■ The wife further argues the Court erred in ordering child support paid from the children's money market accounts which had been established in trust by the husband. The general rule is that a child's financial resources are a factor to be taken into account in determining the amount of required support, and may include trust income, if the language of the trust allows it to be used for support and maintenance. *See generally* Annotation 39 ALR 3d 1292, *Income of Child from Other Sources Excusing Parents' Compliance With Support Provisions of a Divorce Decree.* The order of child support was appropriate and is supported by case authority from numerous jurisdictions. *See e.c., McElrath v. Citizens & Southern Bank,* 229 Ga. 20, 189 S.E.2d 49 (1972); *McIntosh v. McIntosh,* 378 So.2d 629 (Miss.1979); *Hohenberg v. Hohenberg,* 703 S.W.2d 555 (Mo.App. 1985); *Commonwealth v. Goichman,* 226 Pa.Super. 311, 316 A.2d 653 (1973).

■ The wife insists the Court's award of alimony in the amount of $3,500.00 per month is inadequate. Prior to the divorce, the husband gave the wife $3,000.00 per month, and made the house payment of $3,250.00 per month. The Trial Judge found that the wife's earning capacity was "far less than the husband's" and "the parties enjoyed a very high standard of living during the marriage". The Court noted that the wife had been receiving a gift of money each year from her grandmother in the amount of approximately $10,000.00. The evidence further established that the husband's net income after taxes was approximately $250,000.00 per

year. Taking into account the relative earnings of the parties, their lifestyle, and the standard of living enjoyed by the wife prior to the divorce, we agree that the award of alimony was inadequate. *See Shackleford v. Shackleford,* 611 S.W.2d 598 (Tenn.App.1981).

The Trial Judge ultimately ordered the husband to make the mortgage payments on the house "until the residence sold or the parties' youngest child graduated from high school, whichever occurs first", but the sum of all mortgage payments made by the husband beginning April 1, 1991 would be a credit against the wife's property settlement. The alimony award is modified by requiring the husband to continue the house payment until the house is sold with the Trial Court's order of credit deleted. When the house is sold, the $3,500.00 per month award of alimony will be increased by the amount now being paid as monthly house payment, to $6,750.00 per month to continue until the death or remarriage of the wife.

The remaining issues have been considered and found to be without merit.

The cause is remanded for the entry of an order consistent with this opinion. Cost of appeal is assessed to Appellee, and the Trial Court upon remand is directed to award appellant's attorney a reasonable fee for legal services rendered on this appeal against appellee.

GODDARD and McMURRAY, JJ., concur.