IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2003 Session

## ZORA NELL WHITED ELSEA, v. FRANK DULANEY ELSEA

**Direct Appeal from the Chancery Court for McMinn County**
**No. 20072      Hon. Jerri S. Bryant, Chancellor**

**FILED APRIL 3, 2003**

**No. E2002-00387-COA-R3-CV**

In this divorce action, the Trial Court identified, valued and divided marital property and awarded wife alimony. Husband appeals. We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Randy G. Rogers, Athens, Tennessee, for Appellant.

Carol Ann Barron, Dayton, Tennessee, for Appellee.

### OPINION

In this divorce action the parties had been married fifty-plus years, and at the conclusion of the trial, the Court made valuations of the marital property, allocated the parties interest in the same, and awarded the wife alimony.

The Court found that the parties' tree farm had zero value, and that the house and land had a value of $305,000.00. The Court valued the farm equipment at $25,000.00 and awarded that to the husband. The Court found that the husband owned one-third of the farm prior to the marriage, but that any appreciation of that one third was marital. Further, the Court found that two-thirds of the property was marital because it had been deeded to both parties. The Court valued the husband's one-third interest at the time of the marriage at $3,000.00, because that is what the husband and wife

paid for his sister's interest in 1962. The Court concluded the wife had a need for alimony in the range of $461.00 per month, and that the husband had the ability to pay because he received monthly pensions in the amount of $1,461.00. The Court then entered a Final Decree declaring the parties divorced pursuant to Tenn. Code Ann. § 36-4-129. In the overall distribution, the Court awarded the marital residence and farm to the husband and awarded property worth $310,000.00 to the wife, with an overall valuation of the property awarded to the husband being $340,000.00.

The husband's issues on appeal are whether the Trial Court erred in its classification and valuation of the marital residence, as well as the overall property division, and whether the Court erred in awarding alimony in futuro to the wife?

The Trial Court's classification of property as marital or separate is a question of fact, and a presumption of correctness accompanies that finding, unless the evidence preponderates otherwise. *Sherrill v. Sherrill*, 831 S.W.2d 293 (Tenn. Ct. App. 1992).

The husband argues that the Trial Court's conclusions are wrong, because he claims the wife never worked on the farm. The testimony was undisputed, however, that the wife stayed home and worked as homemaker and caretaker for the parties' children, as both the husband and son admitted. The wife further testified that she worked on the farm and tree farm, but the extent of that work was disputed. The parties testified they built the marital residence on the property after their marriage, and that it was built with marital funds.

Tenn. Code Ann. § 36-4-121 provides that marital property shall include "income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation," and that substantial contributions include "the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine." The evidence supports the ruling that the wife contributed to the appreciation of the farm by building a home with the husband, maintaining the household, caring for the parties' children and husband's relatives, and generally by taking care of the home so that the husband could work and earn wages.

The husband's one-third marital interest in the farm must be valued at the time of the marriage and subtracted from the total value found for the farm. The Court found that the only proof as to the value of the husband's one-third interest at the time of the marriage was what the parties paid the husband's sister for her one-third interest in 1962. The husband argues that it is improper because the parties married in 1949, and he seeks a remand for proof to be presented regarding the value of his one-third interest at the time of the marriage.

It is well-settled that valuation of an asset is a question of fact that is to be determined by considering all of the evidence presented. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). On appeal, we presume the trial court's valuations are correct unless the evidence preponderates otherwise. *Id.* The burden is on the parties to produce competent evidence of value,

and the parties are bound by the evidence they present. *Wallace v. Wallace*, 733 S.W.2d 102 (Tenn. Ct. App.1987).

The record shows that the land had not been improved by 1962, and was in substantially the same condition as it was in 1949. Arguably, the land increased in value due to inflation between the time of the marriage and the time of the purchase of the sister's interest in 1962.

The evidence does not preponderate against the Trial Court's finding of value of the husband's interest. Tenn. R. App. P. 13(d). We decline to remand for a further hearing, because there is no indication in the record that the parties did not have the opportunity to put on more evidence, had they desired.

Next, the husband argues that the Trial Court's overall value of the farm was in error. The value found by the Trial Judge was within the range of the evidence submitted, and was supported by an appraisal. The evidence supports the Trial Court's valuation of the farm.

Both parties argue the Trial Court erred in failing to consider the diminished value of the farm due to the loss of the Christmas trees, and in failing to punish the other party for contributing to the loss. The Trial Court explicitly found that both parties contributed to the wasting of that asset, and assessed fault to both parties, and concluded that the tree farm had a zero value. The evidence supports the Trial Court's finding, as either party could have attempted to save the tree farm if he or she had acted, and the proof showed the trees were now worthless. This issue is without merit.

Finally, the husband takes issue with the property division as a whole, arguing that it was unfair to award wife all of the liquid assets. It is well settled, however, that the trial judge's goal is to divide marital property in an essentially equitable manner, which does not mean equal distribution, or that each party will receive a share of each piece of the marital property. *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn.1996); *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn.1988); *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). The court has "wide latitude in fashioning an equitable division of marital property," and the Court is to give great weight to the trial court's division. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn.1983).

The Trial Court allocated husband property worth $340,000.00, and property to the wife worth $310,000.00. The husband asked the Court to award him the farm because it has been in his family for many years. The making of this award limited the Trial Court's options in the equitable division of the property. We find the husband has no basis to complain about the Trial Court's division which was clearly equitable, based upon the factors contained in Tenn. Code Ann. § 36-4-121.

Both parties take issue with the Court's award of alimony. The husband believes it is too high, and the wife believes it is too low. Alimony is to be set based upon the factors

enumerated in Tenn. Code Ann. §36-5-101, with the most important considerations being need and ability to pay. *Robertson v. Robertson*, 76 S.W.3d 337 (Tenn. 2002). The proof showed that the wife had expenses of $1,593.00 per month (some questionable), and income of $384.00 per month from social security. The husband testified that he had an income of $1,461.84 per month, and did not detail his expenses, but obviously, he is not paying rent/mortgage payments, car payments, or such expenses. The need and ability to pay were established.

As to the other statutory factors, this is a marriage of very long duration, and both parties are of retirement age. Neither has any significant ability to earn income, but the husband has a greater monthly income than wife due to the amount of his social security and pension. Education and employability are really not factors for these parties, as they are of similar advanced age and both have physical problems. Neither had significant separate assets, and the marital estate was divided almost equally. Both parties contributed to the marital estate, and the court found both parties to be at fault in the breakup of the marriage.

We hold the award of alimony was proper. As the Supreme Court has recognized, the "trial court has wide discretion in awarding alimony, and appellate review of the trial court's findings of fact is de novo upon the record accompanied by a presumption of the correctness of the findings. *Crabtree*, 16 S.W.3d at 360 (*citing* Tenn. R. App. P. 13(d)); *see also Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App.1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion.")." *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002). We affirm the award of alimony and the Judgment of the Trial Court.

The cost of the appeal is assessed to Frank Dulaney Elsea.

_____
HERSCHEL PICKENS FRANKS, J.

-4-