IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs February 17, 2006

## HORACE RAY RUNIONS v. MARY RUNIONS

**A Direct Appeal from the Chancery Court for Henry County**
**No. 19058      The Honorable Ron E. Harmon, Chancellor**

_____

### No. W2005-01954-COA-R3-CV - Filed May 19, 2006

_____

In this divorce case, Appellant/Husband appeals from the trial court's classification of certain real property as marital property. The property at issue was Husband's separate property prior to the marriage. The property was sold to a third party during the marriage, and a deed of trust secured the balance of the purchase price. The third party defaulted in the installment payments, and Husband purchased the property at the foreclosure sale and received a trustee's deed in his name only. Husband asserts that the property is separate property under either T.C.A. §36-4-121(b)(2)(A) or T.C.A. §36-4-121(b)(2)(B). The trial court concluded that the property was marital property under T.C.A. §36-4-121(b)(1)(A). We affirm.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James H. Bradberry of Dresden, Tennessee for Appellant, Harce Ray Runions

Robert W. Hawley of Paris, Tennessee for Appellee, Mary Runions


### OPINION

Harce Ray Runions ("Appellant")[1] and Mary E. Runions ("Appellee") were married on December 23, 1983. Prior to the marriage, on September 9, 1978, Mr. Runions purchased real property located at 118 Mimosa Drive in Martin, Tennessee (the "Weakley County Property"), which is the subject of this appeal. At the time of the purchase, Mr. Runions paid $34,500.00 for the Weakley County Property. By Warranty Deed dated June 24, 1999, "Ray Runions and Wife,

---

[1] There is some discrepancy concerning the first name of the appellant. The trial record and official filings indicate his name is "Harce," while his brief has "Horace" in the style. We will use the name shown on the court records.

Mary E. Runions" transferred titled of the Weakley County Property to Melvin Harlan. Both parties signed this Warranty Deed. Mr. Harlan ultimately defaulted on his payments, and the Weakley County Property was offered at a foreclosure sale. On or about April 6, 2001, a "Trustee's Deed" was executed, which reads, in pertinent part, as follows:

> NOW, THEREFORE, the said **Mark F. Gallien**, acting as Trustee as aforesaid, in the consideration of the premises and for the said sum of SEVENTY THOUSAND SIX HUNDRED SEVENTY AND 91/100 ($70,670.91) DOLLARS, to him in hand paid, has bargained and sold and by these presents does hereby bargain, sell, transfer and convey unto the said **RAY RUNIONS**, his heirs and assigns, the [Weakley County Property]....
>
> TO HAVE AND TO HOLD said land and premises, together with all privileges and appurtenances thereunto belonging, to the said **RAY RUNIONS**, his heirs and assigns, in fee simple, forever, and in bar of all right of equity of redemption.

On December 4, 2001, Mr. Runions filed a "Complaint for Divorce" against Ms. Runions. Ms. Runions filed her "Answer" on October 15, 2002. By Judgment entered on October 14, 2003, Ms. Runions was granted an absolute divorce from Mr. Runions. The Judgment ordered, *inter alia*, the Weakley County Property to be "sold and the proceeds of said sale...to be equally divided." On November 4, 2003, Mr. Runions filed a "Motion to Alter or Amend Judgment or in the Alternative for a New Trial," in which he stated that the Judgment "order[ed] a great deal of the property to be sold, however, the marital interest of separate property was not provided for in the Decree."

By Order of August 3, 2004, the trial court ordered the Clerk and Master to proceed with the sale of the Weakley County Property. On April 18, 2005, Mr. Runions filed another "Motion to Alter or Amend," in which he stated, in relevant part:

> 4. That the Final Decree contained a provision that a parcel of real property located in Weakley County was a marital asset that it would be sold and it would be divided equally.
>
> 5. That the Movant asserts that the property referred to in the proceeding paragraph is property owned by him, prior to the marriage, sold by him during the marriage, but was the result of a foreclosure sale, which returned the property to the Movant.
>
> 6. That the Movant assert[s] the majority of the value of this property as will be reflected by the sale of the property, is not a marital asset, but is a separate asset that should be awarded to him.

7. That the Movant assert[s] that the circumstances which resulted in the inclusion of the language relative to this property was a mistake in advertence or excusable neglect and pursuant to rule 59.04 is subject to being modified.

On May 25, 2005, the Clerk and Master filed her report of the sale of the Weakley County Property. The report indicates that the Weakley County Property was sold at auction to Harce Ray Runions for the sum of $50,000.00. An "Order Approving Sale of Real Property" was entered by the trial court on June 6, 2005. A "Final Order" was entered on July 20, 2005. In this Order, the trial court specifically finds that "the proceeds of the sale of the Weakley County real prop[erty] are totally marital assets and shall be divided according to this court's order...."

On August 15, 2005, Mr. Runions filed his "Notice of Appeal" from the Order of July 20, 2005. On September 7, 2005, Mr. Runions filed a Notice stating that neither a transcript or other verbatim recording of the trial court proceeding, nor a statement of the evidence, would be filed.

Mr. Runions raises one issue for appeal as stated in his brief: Whether a Residence, title to which rested in the name of the Appellant at the time of marriage and at the time of divorce was separate property, where the only disruption in his exclusive ownership was a sale and foreclosure to a third party during a brief three (3) year period.

Because this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R.App. P. 13(d). Furthermore, in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the Appellee. *See Leek v. Powell*, 884 S.W.2d 118 (Tenn. Ct. App. 1994); *Lyon v. Lyon*, 765 S.W.2d 759 (Tenn. Ct. App. 1988).

T.C.A. §36-4-121(b)(1)(A) (2005) defines "Marital property," in relevant part, as follows:

"Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce....

In the instant case, Mr. Runions asserts that the Weakley County Property is not marital property under the above definition. Rather, he asserts that the property is separate property as defined by the statute, to wit:

(2) "Separate property" means:

(A) All real and personal property owned by a spouse before marriage, including, but not limited to, assets held in individual retirement accounts (IRAs)....
(B) Property acquired in exchange for property acquired before the marriage;

T.C.A. §36-4-121(b)(2) (2005).

Whether an asset is separate property or marital property is a question of fact. *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995); *Sherrill v. Sherrill*, 831 S.W.2d 293, 295 (Tenn.Ct.App.1992). Thus, a trial court's classification decisions are entitled to great weight on appeal. *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996). These decisions will be presumed to be correct unless the evidence preponderates otherwise, *Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn.Ct.App.1983), or unless they are based on an error of law. *Mahaffey v. Mahaffey*, 775 S.W.2d 618, 622 (Tenn. Ct. App. 1989).

There is no dispute that Mr. Runions owned the Weakley County Property prior to the marriage. Consequently, if this property had not been sold, then same would certainly be separate property under T.C.A. §36-4-121(b)(2)(A). However, when the property was sold to Mr. Harlan in 1999, there is no evidence in this record that either party retained any ownership of the Weakley County Property. When Mr. Harlan defaulted on his payments, the record indicates that the Weakley County Property became the subject of a public sale (i.e. there was no automatic reversion or right of re-entry in either Mr. Runions or Ms. Runions). Rather, the Trustee's Deed indicates that Mr. Runions was the "last and highest bidder". Although the Trustee's Deed lists only Mr. Runions, under T.C.A. §36-4-121(b)(1)(A), there is a presumption that property acquired during the marriage by *either* or both spouses and still owned by either or both spouses when the divorce is granted is classified as marital property and is, thus, subject to equitable division. However, this presumption can be rebutted with "evidence of circumstances or communications clearly indicating an intent that the property remain separate." *McClellan v. McClellan*, 873 S.W.2d 350, 351 (Tenn. Ct. App. 1993) (citing *Batson v. Batson*, 769 S.W.2d 849, 858(Tenn. Ct. App. 1989)). In the instant case, there is no evidence to show where the proceeds from the 1999 sale went, nor to show where the $70,670.91 used to purchase the Weakley County Property at the foreclosure sale in 2001 came from.

Mr. Runions argues that the Weakley County Property is separate property as "property exchanged for property acquired prior to the marriage." T.C.A. §36-4-121(b)(2)(B). In his brief, Mr. Runions' specifically states:

> At the time this sale [i.e. the 1999 sale to Mr. Harlan] took place the deed was also executed by [Ms. Runions]; however, the derivation clause on the deed states, "Mary Runions joins in this conveyance for the purpose of conveying any marital interest she may have in the [Weakley County Property]".... [Mr. Runions] submits that this would bring the property within the meaning [of] 36-4-121(b)(2)(B)

> "Property exchanged for property acquired prior to the marriage."
> This classically brings the note acquired by [Mr. Runions] at the time
> he sold the property to Harlan into the status of separate property.
> [Mr. Runions] simply reversed this transaction when he foreclosed on
> the property. The note being property acquired in exchange for
> property acquired prior to the marriage. When the note was
> extinguished by the foreclosure, it simply reverted back to the
> property acquired prior to the marriage, the real property. It is evident
> by the trustee's deed that the appellant sought to retain the separate
> property status by taking the property from the trustee in his name
> alone.

As discussed above, there is no indication that Mr. Runions retained any interest in the Weakley County Property upon the sale to Mr. Harlan, nor is there any indication that Mr. Runions received any property in exchange for the Weakley County Property so as to satisfy the requirements of T.C.A. §36-4-121(b)(1)(B) . Rather, from the 1999 Warranty Deed, it appears that Mr. Runions transferred all of his interest in the property to Mr. Harlan. The fact that the Weakley County Property ultimately fell into foreclosure under Mr. Harlan's ownership does not reverse the conveyance to Mr. Harlan. Mr. Runions ownership of the Weakley County Property was not automatically reinstated at the point of Mr. Harlan's default; rather, in order to secure ownership of the property, Mr. Runions became a bidder at a public sale. The fact that only Mr. Runions' name is listed on the Trustee's Deed is not dispositive on the question of separate versus marital property because T.C.A. §36-4-121(b)(1)(A) makes no distinction between property purchased by either one spouse alone or by both together. We have reviewed the record, and we find no evidence to rebut the presumption that the Weakley County Property became marital property when purchased in 2001.

For the foregoing reasons, we affirm the Final Order of the trial court. Costs of this appeal are assessed against the Appellant, Harce Ray Runions, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.