#26215-a-JKK

**2012 S.D. 68**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

NICOLE HEUMILLER
n/k/a SNYDERS,                                      Plaintiff and Appellee,

            v.

DOUGLAS HEUMILLER,                         Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
MCCOOK COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE TIMOTHY W. BJORKMAN
Judge

\* \* \* \*

SHERLYN J. KOLETZKY
Yankton, South Dakota                     Attorney for plaintiff
                                          and appellee.


MICHAEL E. UNKE
Salem, South Dakota                       Attorney for defendant
                                          and appellant.


\* \* \* \*

                                          CONSIDERED ON BRIEFS
                                          ON MAY 21, 2012

                                          OPINION FILED **10/03/12**

#26215

KONENKAMP, Justice

[¶1.] A father petitioned to modify his child support obligation, requesting that his future payments be reduced to account for overpayments he made after his two eldest sons graduated from high school and reached the age of majority. Concluding that this request would result in a retroactive modification of child support in violation of SDCL 25-7-7.3, the referee denied any reduction for amounts overpaid before the petition was filed. The circuit court adopted the referee's report.

## Background

[¶2.] Nicole and Douglas Heumiller divorced on April 8, 2010. Incorporated into their judgment and decree of divorce was a stipulation and agreement addressing, among other things, Douglas's duty to pay child support for their three children. They agreed that Douglas "will pay to [Nicole] for the support and maintenance of the parties [sic] minor children $1,238.36 per month payable on the first day of every month. . . ." The agreement further provided:

> said support shall continue until such child dies, is adopted, is emancipated or reaches the age of majority, whichever shall occur first. The parties understand that pursuant to South Dakota law, a minor child shall reach the age of majority on his/her 18th birthday or on the day following his/her final day as a full-time secondary student, whichever shall occur later, except that in no even [sic] shall the child support obligation continue past the 19th birthday of the minor child.

[¶3.] On September 20, 2011, Douglas petitioned for a modification of his child support obligation because his two older children had reached the age of majority and finished their final days as full-time secondary students. The oldest child had graduated from high school and reached the age of majority in May 2010. The second child had graduated from high school in May 2011, at eighteen years

-1-

old.  Because his eldest child reached the age of majority over a year earlier, and Douglas continued to pay the full child support amount for all three children, Douglas requested that the court reduce his future child support obligation for his youngest child to account for his overpayments.

[¶4.]        After a hearing, the child support referee reduced Douglas's future child support obligation to $699 per month.  But the referee refused to further reduce Douglas's obligation to account for the child support Douglas overpaid from May 2010.  The referee relied on SDCL 25-7-7.3, which provides that "[a]ny past due support payments are not subject to modification . . . , except those accruing in any period in which there is a pending petition for modification of the support obligation. . . ."  The referee ruled that Douglas's request for a *future* reduction to account for *past* overpayments was in effect a retroactive modification of *past due* support payments.

[¶5.]        On appeal to the circuit court, Douglas argued that SDCL 25-7-7.3 did not apply to him because he owed no "past due" support.  The circuit court ruled "that SDCL 25-7-7.3 does not apply only to cases in which there is past due support owing.  It applies to any past due support payments without regard to whether those payments were made."  It adopted the referee's proposed findings of fact and conclusions of law.

[¶6.]        Douglas now appeals, asserting that the circuit court should have modified his current support obligation to account for the overpayment of his past child support.  Because the question in this case requires our interpretation of

SDCL 25-7-7.3, our review is de novo.  *See Arneson v. Arneson*, 2003 S.D. 125, ¶ 27, 670 N.W.2d 904, 914.

## Analysis and Decision

[¶7.]  Douglas asserts that SDCL 25-7-7.3 does not foreclose the reduction of his current support obligation to account for his overpayment of child support from May 2010, because none of those payments were "past due."  According to Douglas, "past due" means that the payment was unpaid.  *See* SDCL 25-7-7.4 (an "unpaid" support payment becomes a judgment).  He likens overpaid child support payments to overpaid child care expenses.  *See Juttelstad v. Juttelstad*, 1998 S.D. 121, ¶ 17, 587 N.W.2d 447, 451.  He also argues that the parties' stipulation created a binding contract requiring a reduction of his obligation "when the two children graduated at 18."

[¶8.]  Although we have consistently held that past child support payments are not subject to modification "except those accruing in any period in which there is a pending petition for modification of the support obligation," we have not specifically addressed whether SDCL 25-7-7.3 encompasses both paid and unpaid support obligations.  The plain language of SDCL 25-7-7.3, however, shows that whether the support is paid or unpaid is immaterial.  Our inquiry is whether the obligation has accrued.  To conclude otherwise would require us to isolate the phrase "past due support payments" from the rest of SDCL 25-7-7.3.  *See Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶¶ 6-7, 620 N.W.2d 198, 201 (we interpret the words of the whole statute rather than phrases or words in isolation).

[¶9.] SDCL 25-7-7.3 provides that "past due support payments are" not subject to modification "except *those accruing* in any period in which there is pending a petition for modification of the support obligation[.]" (Emphasis added.) Standing alone, "past due support payments" does not lend itself to the conclusion that only *unpaid* support obligations were contemplated by the Legislature. Indeed, if we, like the special concurrence, isolate the phrase "past due support payments" from the rest of the statute the result would be illogical. First, a "past due support payment" is a "payment," which is logically something that has been paid. But how can a "past due support payment" be "past due" if it is paid? Second, the use of the word "accruing," albeit in an exception, indicates that the Legislature was focused on accrual. Had the payment status of the obligation been the focus, the Legislature could have easily said "except those (past due support payments) made in any period" a modification petition is pending.

[¶10.] We cannot interpret the words "payments" and "past due" apart from "accruing." And resorting to legislative history is unnecessary; the words of the statute are unambiguous. *See Bertelsen v. Allstate Ins. Co.*, 2009 S.D. 21, ¶ 15, 764 N.W.2d 495, 500. When the language is clear, this Court does not review legislative history. *Id*. The Legislature used the word "accruing," and used that word in reference to "past due support payments." Further, if we interpret "past due support payments" to mean only unpaid support obligations, then only those same (unpaid) obligations are available for retroactive modification when a petition for modification is pending. Paid support obligations, on the other hand, would be

excluded under SDCL 25-7-7.3, even if made while a petition for modification was pending.

[¶11.]     Focusing on the accrual date of the support obligation, rather than its *paid* or *unpaid* status, gives meaning to the statute as a whole.  Under the plain meaning of the statute, past due support payments (paid or unpaid) cannot be retroactively modified unless that past due support payment (paid or unpaid) accrued prior to a pending modification petition.  That the Legislature intended SDCL 25-7-7.3 to encompass unpaid and paid support obligations is evident in the Legislature's use of the word "unpaid" in SDCL 25-7-7.4 and SDCL 25-7-7.5, "arrearages" in SDCL 25-7-6.19, and accrued "past due support payments" in SDCL 25-7-7.3.  In SDCL 25-7-7.4, the Legislature declared that "[a]ny payment or installment of support . . . which is *unpaid* after the date it is due, is a judgment by operation of law."  (Emphasis added.)  *See also* SDCL 25-7-7.5.  Then in SDCL 25-7-7.6, the Legislature used the phrase "unpaid child support arrearages."  Certainly, "past due support payments" means something different than "unpaid child support arrearages."  *See* special concurrence ¶ 23 (using the phrase "unpaid child support arrearages").  SDCL 25-7-7.3, however, does not limit itself to only "unpaid" obligations or arrearages.

[¶12.]     Our past cases, while not on point, further buttress the notion that the accrual date of the support obligation is controlling.  *See Vellinga v. Vellinga*, 442 N.W.2d 472, 474 (S.D. 1989); *see also Houser v. Houser*, 535 N.W.2d 882, 886 (S.D. 1995); *Earley v. Earley,* 484 N.W.2d 125, 129 (S.D. 1992) (retroactive *increase* of an accrued support obligation prohibited).  In *Vellinga*, we identified two types of past

due payments under SDCL 25-7-7.3: (1) payments that *accrue* after petitioning for modification, and (2) payments that *accrue* before petitioning for modification.[1] 442 N.W.2d at 474. Of these two types, only those payments that "*accrue* while a petition for modification is pending may be modified, but only from the date that notice of hearing has been given to the obligee and any other interested parties." *Id.* (emphasis added).

[¶13.]        Similarly, in *O'Grady v. O'Grady*, we focused on the accrual date of the past support payments, not whether they were paid or unpaid, in holding that past due support payments could not be retroactively modified. *See* 1998 S.D. 89, ¶ 17, 582 N.W.2d 707, 711. While *O'Grady* addressed retroactive modification of past *paid* support obligations, the case is not on point because the father also owed arrearages for past *unpaid* support, and we did not distinguish between the paid and unpaid obligations.[2] Nonetheless, in concluding that the circuit court erred, we

---

1.    Although *Vellinga* dealt with whether SDCL 25-7-7.3 could be applied retroactively, the Court did not bar *only* the retroactive modification of support obligations that accrued before the passage of the statute, but also those that accrued between July and September 1987, the time the statute was in effect, but before a petition for modification was pending.

2.    In 1993, the father was ordered to pay $519 for the support of his four children:

> From January 1993 until April 1994, he paid the full obligation.

> From May 1994 until March 1995, he unilaterally reduced his obligation to $284.50, and thus incurred arrearages.

> From April 1995 until September 1996, he paid the full obligation, $519 monthly.

> In August 1996, the father petitioned the court for modification of his support obligation because two of his four children reached the age of majority and had graduated from high school (one in April 1994 and

(continued . . .)

held that SDCL 25-7-7.3 only allows modification of payments that *accrue* after the date of the petition.

[¶14.] In this case, Douglas did not petition for modification of his support obligation until September 9, 2011. Therefore, the payments he made before the date he gave notice of his petition fell squarely under the purview of SDCL 25-7-7.3: they *accrued* in a period during which there was no pending petition for a modification. Further, the fact that he was under no duty to support his children beyond the age of eighteen, or nineteen if still in high school, does not mean Douglas is entitled to a credit or offset for amounts paid after his children turned eighteen or nineteen. Indeed, nothing in SDCL 25-5-18.1 mandates automatic reduction of a support order. *Compare* SDCL 25-5-18.1 *with* La. Rev. Stat. § 9:315.22(B) (ordering automatic cessation of support obligation when *youngest* child attains age of majority). Rather, Douglas, as the support payor, had the duty to seek modification each time one of his children reached the age of majority. *See, e.g.*, *Vanderbosch v. Vanderbosch,* 950 N.E.2d 32 (Ind. Ct. App. 2011) (table) (no credit given when father overpaid by $13,000, after he neglected to request termination of an automatic withdraw for arrearages); *Anderson v. Anderson*, 2012 WL 1759423 (Conn. Super. Ct. 2012) (unpublished). The circuit court did not err

---

(. . . continued)

       the other in July 1994). He further requested that the amounts he overpaid after his children reached majority be applied to reduce his arrearages. The court modified Father's obligation, and further reduced his arrearages to account for the amounts he overpaid after July 1994.

*O'Grady,* 1998 S.D. 89, ¶¶ 5-8, 582 N.W.2d at 708-09.

when it interpreted SDCL 25-7-7.3 to prohibit retroactive reduction of Douglas's future support obligation to account for his overpayments.

[¶15.]		Moreover, in the parties' stipulation, there was no agreement for any credit or offset. Nothing in the stipulation identifies a set rate of child support for each child. Thus any payments made before the date Douglas gave notice to the interested parties of his petition for a modification "inure[d] to the benefit of the remaining children." *See O'Grady*, 1998 S.D. 89, ¶ 15, 582 N.W.2d at 710. Finally, child *support payments* cannot be equated with child care *expenses*. "Child care expenses are not a part of the basic child support obligation, but only a factor for deviation from the schedule." *Juttelstad*, 1998 S.D. 121, ¶ 17, 587 N.W.2d at 451.

[¶16.]		Nicole and Douglas both requested appellate attorney's fees. In determining whether either side should be required to pay the other's attorney's fees, we consider "the property owned by each party, their relative incomes, the liquidity of the assets and whether either party unreasonably increased the time spent on the case." *Barnes v. Matzner*, 2003 S.D. 42, ¶ 24, 661 N.W.2d 372, 379 (citation omitted). Considering these factors, we deny Douglas's request and grant Nicole's in the amount of $2,833.38.

[¶17.]		Affirmed.

[¶18.]		GILBERTSON, Chief Justice, and SEVERSON and WILBUR, Justices, concur.

[¶19.]		ZINTER, Justice, concurs in result.

ZINTER, Justice (concurring in result).

[¶20.]    I respectfully disagree with the Court's reasoning. There is a substantial difference between accrued obligations and past due payments; and SDCL 25-7-7.3 only prohibits retroactive modification of "*past due* support payments." (Emphasis added.) The Court, however, reasons that it is "immaterial" that Douglas fully paid his support payments when due; i.e. that he had no past due support payments. *Supra* ¶ 8. In the Court's view, the only relevant question is whether any support obligation "accrued." *Supra* ¶ 8.

[¶21.]    "[W]ords in a statute are to be understood in their ordinary sense," *In re W. River Elec. Ass'n, Inc.*, 2004 S.D. 11, ¶ 21, 675 N.W.2d 222, 228 (citing SDCL 2-14-1), but the Court's interpretation disregards the ordinary meaning of the words "past due payments." It is illogical for the Court to interpret the statute such that an accrued obligation that is fully paid when due is a "past due payment" under SDCL 25-7-7.3. Not one of us would agree with the Court's interpretation of "past due payments" in any other context. Imagine if another creditor, such as a bank or utility company, claimed that even though you had fully paid your monthly mortgage payment or utility bill when it was due, the "payment" was "past due."

[¶22.]    The plain, ordinary, and everyday meaning of the words "past due payments" is that the payments were not fully paid when due, such that there are arrearages. Douglas had no arrearages because he paid every support payment in full and on time. Therefore, he had no unmodifiable "past due support payments" within the meaning of SDCL 25-7-7.3. Because he had no past due support payments, the statute did not categorically bar consideration of Douglas's claim that

-9-

Nicole was unjustly enriched by retaining more child support than the divorce decree required.

[¶23.]    The legislative history of SDCL 25-7-7.3 confirms this understanding of "past due support payments." Prior to the enactment of SDCL 25-7-7.3, this Court repeatedly held that child support *arrearages* were modifiable. *See, e.g.,* *Hanson v. Hanson*, 397 N.W.2d 656 (S.D. 1986); *Hoy v. Hoy*, 391 N.W.2d 685 (S.D. 1986); *Forkel v. Forkel*, 387 N.W.2d 52 (S.D. 1986); *Stach v. Stach*, 369 N.W.2d 132 (S.D. 1985); *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381 (S.D. 1980). "Arrearage[s]" were defined as "the total amount of unpaid support obligations[.]" SDCL 25-7A-1(2). In apparent reaction to these cases culminating with *Hanson* in 1986, the 1987 Legislature enacted SDCL 25-7.7.3, "[a]n Act to prohibit retroactive modification of support *arrearages*." 1987 S.D. Sess. Laws ch. 190 (emphasis added). Chapter 190 reflects that the new prohibition on modification of "past due support payments" in SDCL 25-7-7.3 was intended to prohibit modification of unpaid child support arrearages rather than fully paid or overpaid child support obligations. The statute was not intended to bar consideration of a claim where the obligor had no past due support payments and the obligor was claiming unjust enrichment because he or she had overpaid the obligation that was due.

[¶24.]    To arrive at the opposite conclusion, the Court replaces the statutory words "past due support payments" with the words "accrued obligations." *See supra* ¶ 8. But the text does not prohibit modification of "accrued obligations."

[¶25.]    Further, the majority's sole focus on "accrued" obligations is rejected by the words that the Legislature did use. Accrual is an "accounting method that

records entries of debits and credits when the revenue or liability arises, rather than when the income is received or an expense is paid." *Black's Law Dictionary* 22 (9th ed. 2009). But SDCL 25-7-7.3 rejects the Court's inquiry that focuses solely on "accrued" obligations because the statute makes no reference to when the liability arose. The statute's language focuses only on whether the obligation was paid; i.e., whether there are "past due" support "payments." By using the words "past due," the Legislature required courts to consider whether there are unpaid support arrearages rather than whether any obligation for support had arisen. Ultimately, the majority writes the words "past due payments" out of the statute. But "[w]e presume the Legislature does not insert surplusage into its enactments. . . . [T]his [C]ourt will not construe a statute in a way that renders parts to be . . . surplusage." *Nielson v. AT & T Corp.*, 1999 S.D. 99, ¶ 16, 597 N.W.2d 434, 439.

[¶26.]        The Court asserts that the words "accrued obligations" may be substituted for the words "past due payments" because the word "accruing" is found in the statute and all portions of the statute should be read together. *See supra* ¶¶ 8-11. The statute, however, only uses the word "accruing" in an exception to the rule against retroactive modification. The statute prohibits retroactive modification of "past due support payments . . . except *those* accruing in any period in which there is a pending petition for modification." SDCL 25-7-7.3 (emphasis added). Because "past due support payments" is the antecedent of the pronoun phrase "those accruing," the words "those accruing" are a mere reference to "past due payments." This reference in the exception does not purport to modify the meaning of "past due support payments" in the general prohibition on modifications. The

reference in the exception certainly does not suggest that the Legislature intended the retroactive modification inquiry to focus on whether the obligor had "accrued obligations" rather than "past due support payments."

[¶27.] The Court suggests that if "past due support payments" only encompass support obligations that are past due, then paid support obligations would be unmodifiable "even if made while a petition for modification was pending." *See supra* ¶ 9. However, as we noted in *Vellinga v. Vellinga,* a circuit court has broad discretionary authority to retroactively modify all child support payments except those "past due support payments" governed by SDCL 25-7-7.3. 442 N.W.2d 472, 473 (S.D. 1989) (citing *Larsgaard,* 298 N.W.2d 381). Because SDCL 25-7-7.3 only prohibits modification of "past due" support payments, a circuit court retains authority to modify paid support obligations.

[¶28.] Today's case presents a question of first impression involving the interpretation of unambiguous language. The majority's cases do not support its interpretation. The language taken from this Court's past cases is dicta that should not be used to rewrite the plain meaning of the statutory language.

[¶29.] The concept of accrual originated in *Vellinga,* 442 N.W.2d 472. In that case, the obligor sought retroactive modification of his child support obligation after falling behind in his payments. Although SDCL 25-7-7.3 was enacted to prohibit certain retroactive modifications, the statute did not go into effect until after the obligor was already delinquent. Therefore, in disputing the total amount of his arrearages, the obligor argued that the Legislature did not intend for the *statute* to

apply retroactively to support that had "accrued" before the effective date of the new statute. *Vellinga*, 442 N.W.2d at 474.

[¶30.] In dealing with the issue of the statute's retroactivity, "accrual" was used by this Court to respond to the obligor's argument. Using the obligor's language, this Court held the Legislature intended that the statute would apply to "past due support payments which accrued" both before and after the statute's effective date. *Id.*

[¶31.] This Court then applied the statute. *Id.* In doing so, this Court continued its use of accrual language, but it did so sua sponte. No party had argued that the new statute prohibited retroactive modification of "accrued obligations" rather than "past due payments." The meaning of "past due payments" was not at issue. Therefore, the majority's language from *Vellinga* is dictum that does not support today's Court's substitution of the words "accrued obligation" for the words "past due payments." *Vellinga* and its progeny[3] cannot be used to change the meaning of such clear statutory language.

[¶32.] It should also be noted that changing the plain meaning of "past due support payments" in SDCL 25-7-7.3 is not necessary to protect the obligee and the obligee's children. The claim here is for the equitable remedy of unjust enrichment. Douglas would not be entitled to restitution for overpayments of support if

---

3.      The majority's other authorities simply repeated *Vellinga's* dictum without analysis in cases where the meaning of "past due support payments" was not at issue. *See O'Grady v. O'Grady*, 1998 S.D. 89, 582 N.W.2d 707; *Houser v. Houser*, 535 N.W.2d 882 (S.D. 1995); *Earley v. Earley*, 484 N.W.2d 125 (S.D. 1992).

restitution would be inequitable or if restitution were subject to an equitable defense. For example, Douglas would not be entitled to restitution to the extent the obligee and children detrimentally relied upon the support provided. *See generally* Restatement (Third) of Restitution & Unjust Enrichment § 65 (2011). Further, even if recovery of some overpayment were equitable, the circuit court would be required to fashion an equitable remedy other than reducing future payments that were needed for ongoing support of the children.

[¶33.]     Although the Court improperly changes the clear and unambiguous meaning of "past due support payments," the Court reaches the correct result for two reasons. First, Douglas's divorce agreement and decree contained no "provision for a pro rata distribution of the obligation or an automatic reduction of support (consistent in amount with the guidelines) upon the occurrence of either event as each child attained it." *See O'Grady*, 1998 S.D. 89, ¶ 15, 582 N.W.2d at 710. Without such a provision, "the full support continued to inure to the benefit of the remaining children." *Id.* *See also Radigan v. Radigan*, 465 N.W.2d 483, 485 (S.D. 1991) (concluding that no pro rata reduction was warranted under language that required support "until both children reach the age of majority"); *Houser*, 535 N.W.2d at 884 (concluding that no pro rata reduction was warranted under language that required support "until said children shall attain the age of majority").

[¶34.]     Douglas was also not entitled to relief because he introduced no evidence regarding the income of the parties at the time each child turned eighteen or graduated from high school. Without such a showing of factual entitlement to a

lesser obligation under the applicable guidelines, Douglas was not entitled to a reduction of his previously ordered obligation. *See O'Grady*, 1998 S.D. 89, ¶ 31, 582 N.W.2d at 712 (Gilbertson, J., concurring) (noting that as "children either reach[] nineteen or graduate[] from high school, all other variables [are] not frozen in time," and to re-calculate child support, the court must, at a minimum, have evidence of income of the parties on the date the child is no longer entitled to support).

[¶35.]     For the foregoing reasons, I concur in result.